SALLY C. WHITEHURST and others *v.* A. W. GASKILL and JOHN G. ROBERTS.

The mortgagee, being the legal owner of the land mortgaged, is the person to whom notice must be given by the sheriff of a levy and sale of such land for unpaid taxes.

CIVIL ACTION, tried before *Clarke, J.,* at June Term, 1873, of the Superior Court of CARTERET county, upon the facts contained in the following CASE AGREED :

On the 2d February, 1858, the defendant, A. W. Gaskill, being indebted to one David W. Whitehurst in the sum of $350, executed a mortgage of certain land to secure the payment of said debt, five years after date, at which time the mortgage was to become absolute.

The mortgage was registered the 19th of February, 1859. Gaskill, the defendant and mortgagor, remained in possession, (though there was no express stipulation in the deed that he should do so,) and listed the lands therein conveyed for taxes for the year 1870. The taxes not being paid, the sheriff levied on it, and returning his levy according to law, the land was ordered to be sold.

The levy was duly made, the sheriff complying with all the requirements of the law. He gave the required notice of the levy and sale to Gaskill; and on the 7th day of January, 1871, he sold the land for the said taxes, when the defendant, Roberts, became the purchaser, taking a receipt for amount of taxes and costs, describing the land, &c., which receipt was registered. The owner having failed to redeem, the sheriff on the 5th of February, 1872, executed a deed for said land to Roberts, which was also registered the 18th of March, 1872.

The mortgagee, David W. Whitehurst, died in the year 1865, leaving a will, which was duly proved, and in which he devised all his lands to the plaintiff, Sally, for life,

remainder to the other plaintiffs, except John M. Perry, who qualified as administrator with the will annexed of the estate of said David.

No notice of the levy on the land or of the day of sale was ever served on the plaintiffs by the sheriff or any other person.

Upon the foregoing facts, his Honor gave judgment of foreclosure in favor of plaintiffs; and directed that unless the defendants should pay the said sum of $350, with interest thereon from the 2d of February, 1858, within twenty days from the 2d day of June, 1873, the clerk should, after advertising thirty days, expose the said lands at public sale at the court-house in Beaufort.

From this judgment, defendants appealed.

*Hubbard,* for appellants:

Insisted that no notice to the plaintiffs was necessary. The Act rrquiring notice to be given is merely directory; and a purchaser at a sheriff's sale acquires a title to the land sold, even though the sheriff did not advertise. 1 Murph. 311.

*Haughton,* contra :

Relied on *Taylor* v. *Allen,* 69 N. C. Rep. 346; *Potts* v. *Blackwell,* 4 Jones Eq.; *Avery* v. *Rose,* 4 Dev. 549; *Register* v. *Bryan,* 2 Hawkes, 17. Cooly on Const. Lim. 521, and notes.

READE, J. The question is whether the plaintiff, who represents the mortgagee was, entitled to notice of the sale of the land for taxes. The statute is express, that notice shall be given, and the only question is who is the proper person to be notified.

The mortgagee is the legal owner of the land, and has a

substantial interest in it, and is the person entitled to the notice. The sale in this case was therefore void, and the plaintiff was entitled to the order of foreclosure and sale made below.

The taxes were, however, a charge upon the land, and as the defendant, Roberts, paid off the taxes, he has a lien upon the land for the amount so paid. With this modification, the order below is affirmed.

This will be certified that further proceedings may be had according to law, and the rights of the parties administered according to this opinion.

Neither party will recover cost in this Court, but each party will pay his own costs.

PER CURIAM.                Judgment accordingly.