### ELIZABETH BOYKIN v. BARNES & GODWIN.

#### *Contract -- Scale -- Confederate Currency.*

Where A was indebted to C by note dated September, 1860, and B in 1863 by agreement with A executed his note to C, ante-dated as of the date of the original note and in substitution therefor; *Held*, that it was not subject to the scale of deprecation, &c.

(*Summers* v. *McKay*, 64 N. C. 555; *State* v. *Brown*, 67 N. C. 475, cited, distinguished and approved )

CIVIL ACTION, tried at Fall Term, 1875, of WILSON Superior Court, before *Seymour*, J.

This action was commenced in a Justice's Court by the plaintiff against the defendants for the recovery of $158 and carried by appeal to the Superior Court.

The plaintiff held a note against one D. W. Eure for said sum dated September 20th, 1860. The defendants bought a Turpentine Distillery of said Eure on the 13th of August, 1863, and at his (Eure's) request executed a note for said sum ante-dating the same so as to correspond with the original note. Thereupon at the request of the defendants Eure delivered this note to plaintiff and took up his own note and cancelled it.

The defendants insisted that if plaintiff was entitled to recover at all, the note should be subjected to the scale as of August, 1863.

The jury returned a special verdict subject to the opinion of the Court on the question of scale.

Upon this His Honor ruled against defendants and gave judgment in favor of plaintiff for the amount of the note and interest. Appeal by defendants.

No counsel for plaintiff.
*Messrs. Smith & Strong*, for defendants, cited *Green* v.

*Brown,* 64, N. C. 553 ; *Summers* v. *McKay, Ibid* 555 ; *Howard*
v. *Beatty, Ibid* 559 ; *Cable* v. *Hardin,* 67 N. C. 472.

BYNUM, J.   The presumption raised by our statute that
the note sued on was solvable in Confederate currency is re-
butted by the facts stated in the special verdict.

The plaintiff held a note for $158.00 on one Eure given in
1860 for money loaned.   In 1863, the defendants made an
arrangement with Eure by which they agreed to assume
the debt.   They thereupon went to Miss Boykin and substi-
tuted their note for Eure's, ante-dating the note to the date
of the Eure note which was then surrendered.

Clearly the new note was not given in satisfaction of the
debt but was intended to make the defendants stand in the
shoes of Eure and become the paymasters and subject to all
his liabilities.

They put themselves in the same situation as if they had
originally given the note instead of Eure.

The new note was substituted in place of the old, not at
the instance or for the benefit of Miss Boykin, and no consid-
eration passed between her and the defendants.   She was
content with Eure's note.

What consideration passed between Eure and the defend-
ants does not appear, and it is not material, as the plaintiff
was no party thereto.

If the defendants had become the endorsers of the Eure
note in 1863 when they gave their own instead, they would
have been bound just as Eure was bound and not entitled
to the benefit of the scale law.   *Summers* v. *McKay* 64 N.
C. 555.

They certainly have not placed themselves in a better sit-
uation.   The defendants had the right to contract to pay
the Eure note just as Eure was bound to pay it and that is
what they have done.   *State* v. *Brown,* 67 N. C. 475, does

not apply ; there was no *novation* here. The note sued on was not subject to scale.

There is no error.

PER CURIAM.                                          Judgment affirmed.