* Ruffin, J., did not sit on the hearing of this case.
There was judgment for petitioners, from which the Beards appealed. See preceding case.
The present proceeding commenced by motion in the cause, like that in the Merony case at the present term seeks to subject to the payment of the purchase money another tract bought at the same sale by one Margaretta L. Beard from the clerk and master, Luke Blackmer, and for which she executed here bond payable to him as guardian of Anna Macay. During the progress of the cause the said Anna who had intermarried with Stephen F. Lord, a co-plaintiff, died intestate and her said husband (who administered on her state) and her heirs at law were made *Page 65 
parties plaintiff. The said Margaretta also died intestate and the defendants are her administrator and heirs at law, two of whom are infants and represented by their guardian.
The defence set up is: 1st. That the note has been paid and a deed conveying the land to the ancestor of the defendants executed by the clerk and master pursuant to the decree, and lost before registration. 2nd. That the defendant, Julia M. Beard, has acquired the title to part of the land by purchasing at a sheriff's she for taxes and his deed to her. Two issues were accordingly submitted to the jury which with their findings are as follows:
1. Has the note for the purchase money as described in the complaint, been paid? Answer. It has not been paid.
2. Is Julia M. Beard the owner of and entitled to the possession of nine acres of land described in the complaint, by reason of purchase under sale for taxes? Answer. She acquired the title of Margaretta L. Beard by the purchase under sale for taxes.
The exceptions are to the ruling out of certain evidence offered by the defendants, and to the instructions of the court as to the title vested in the defendant, Julia M., by the sale for taxes and the sheriff's deed.
I. The defendants offered the said Julia M., as a witness upon the first issue and she was duly sworn without objection. They then proposed to prove the payment of the note to the guardian by the said Margaretta previous to the action. On objection of the plaintiffs the court declared the witness incompetent and ruled out the testimony. The witness, though not disabled by C. C. P., § 343, from testifying to what occurred in the lifetime of said Margaretta between herself and the guardian still living, since it is not a transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, as a witness against a party then prosecuting or defending the action as executor, administrator, heir at law, *Page 66 c., is clearly excluded from giving the proposed evidence by the proviso annexed by the act of 1879, ch. 183. This amendment declares that no party to a suit founded on a judgment rendered, or note under seal for the payment of money, or conditioned to pay money, executed previous to August 1st, 1868, shall be a competent witness, but the rules of evidence in force at the rendition of the judgment or execution of the note shall apply to the suit. The bond now to be enforced was given in 1863, and is within the terms of the enactment. We have had occasion heretofore to construe this proviso and will simply refer to the cases of Cannon v. Morris, 81, N.C. 139, and Tabor v. Ward, 83, N.C. 291.
It has been argued that the objection to the competency of the witness should have been taken on "voire dire," and herself examined before she was sworn in chief. This seems to have been the former practice, but as remarked by Mr. GREENLEAF, the objection is now usually taken after one is sworn in chief. 1 Greenl. Ev., § 421. "This peculiar form of oath," observes a recent writer of high authority, "is now however seldom administered, and the facts on which the objection rests, if not admitted by the opposite side, are elicited by questions put to the witness after being sworn in chief." 2 Tay. Evi., § 1257. When the witness proceeds to give in his evidence, the objection may be deemed waived and yet when the incompetency first appears after testimony has been given in and the exception is promptly taken, it will usually be stricken out. Meroney v.Avery, 64 N.C. 312. Alluding to numerous citations of counsel in support of the practice, LORD ALVANLEY says: "I can add the testimony of my own experience which has been of more than forty years, that whenever a witness was discovered to be incompetent the judge always strikes the evidence which he had given from his notes." Jacob v. Layborn, 11 *Page 67 
M. W. Ex., 685. To the same effect is Shurleff v. Willard, 19 Pick., 202.
II. The defendants introduced also to prove payment of the note, the deposition of said Margaretta taken, passed on and ordered to be read in the former action between the same original parties, which was dismissed (Lord v. Beard, 79 N.C. 5,) because improperly commenced. This on objection was also excluded from jury. If the witness were living and remained a sole defendant, she could not be examined viva voce under the inhibitions of the act of 1879. Nor would it be permitted to be read or taken de bene esse. No party or person interested in the results of a suit could testify under the law in force when the contract was entered into, and the disability in the limited cases to which it is applicable is perpetuated by the statute. We see no grounds upon which the admissibility of the deposition can be defended, and not the oral testimony of a witness under similar circumstances. That it was read on a former trial when the act was not in force is no reason for admitting it now when it is prohibited by the law.
III. The title set up by the defendant, Julia. M., to a part of the premises under the sale for taxes. The intestate Margaretta was let into possession after her contract of purchase, and failed to pay her taxes for the years 1875 and 1876. The sheriff upon her default levied on the land, returned his levy to the clerk's office, gave her notice of the sale, and at the court house door on the 6th day of August, 1877, sold "the right, title and interest of the said Margaretta L. Beard" to the said Julia M, for the amount of the taxes and expenses, she "taking the smallest part of the premises," and gave her a deed for the nine acres claimed. The court was of opinion that the effect of these proceedings was to vest in Julia M, only such title as was vested in Margaretta, and no notice being given to S. F. Lord and wife, the estate acquired was still liable for the purchase *Page 68 
money, and so charged the jury. We assent to the conclusion of His Honor that the plaintiff's redress upon the land has not been disturbed by the tax sale and the substitution of the purchaser thereat to the estate of her ancestor. Aside from the enquiry whether the requirements of the statute have been strictly observed, and the sale effectual as to the delinquent tax-payer, it is plain her interests alone in the property have been transmitted to the purchaser. The statute throughout speaks only of the party who owes and is in default in paying the tax. The sheriff is directed to "levy on the lands of the delinquent." Act 1876-'77, ch. 155, § 29, par. 3. The effect given to the deed which must be registered in six months is to "convey to the grantee all the estate in the quantity of land whichthe said purchaser bid, which the delinquent, his agent or attorney had, atthe time of the sale for taxes," § 33. The sheriff seems to have acted in full recognition of these provisions of the law directed against the delinquent. No notice was given to the owner of the legal estate and this is essential to the validity of the proceeding and to the impairment of her rights. In Whitehurst v. Gaskill, 69 N.C. 449, the notice was served upon the mortgagor and it was held to be insufficient. READE, J., declaring that the mortgagee is the legal owner of the land and has a substantial interest in it and is the person entitled to the notice, and for want of it the estate of the mortgagee was not affected by the sale.
IV. The defendants also insist upon the application of the scale as of the date of the bond. The sale was in 1859, and the debt for the purchase money then contracted. The note itself, though dated and executed in 1863, bears interest from the day of sale, and thus recognizes the obligation as a subsisting one, from that date. The case is not in principle distinguishable from Boykin v. Barnes, 76 N.C. 318, and is governed by that decision. There, the defendant under an agreement with one Eure took up a note of *Page 69 
the latter executed in September, 1860, and substituted his own for the same amount antedated to correspond in August, 1863. The latter note was held not subject to the scale, the statutory presumption being repelled. The relation of the note to the date of the contract which it undertakes to comply with, is as obviously within the contemplation of the parties to it in the one case as in the other, and the same consideration exist to exempt this from the operation of the scale.
The exceptions of the defendant must therefore be overruled and a decree for a sale entered in accordance with the practice in such cases as pointed out in Mebane v. Mebane, SO N.C. 34, and against the administrator of Margaretta for the amount due by his intestate. Let this be certified that further proceedings may be had in the court below.
No error. Affirmed.