*In the matter of ANNA MACAY and others *ex parte.*

*Witness—Tax Sale, what estate passes—Notice, on whom to be served—Scale.*

1. Under the act of 1879, ch. 183, a party to a suit on a bond executed

---

*Ruffin, J., did not sit on the hearing of this case.

prior to the first day of August, 1868, is not a competent witness to prove its payment. And objection to such witness testifying may be taken after he is sworn in chief and when the incompetency first appears, a *voire dire* not being necessary.

2. Nor in such a case is the deposition of a witness (now deceased and if living would be incompetent) which was read before the passage of the act of 1879, upon a former trial, admissible under said act.

3. Where one is let into possession of land under a contract of purchase and fails to pay the tax upon it and the sheriff sells to secure the same, his deed to the purchaser passes only such estate as the vendee (or mortgagor) has. To affect the interest of the owner of the legal estate in such case, notice of the tax sale must be served upon him.

4. A note executed in 1863 for the purchase money of land sold in 1859, and bearing interest from the day of sale, is not subject to the legislative scale of depreciation of confederate currency.

(*Cannon* v. *Morris*, 81 N. C., 139; *Tabor* v. *Ward*, 83 N. C., 291; *Meroney* v. *Avery*, 64 N. C., 312; *Whitehurst* v. *Gaskill*, 69 N. C., 499; *Boykin* v. *Barnes*, 76 N. C., 318; *Mebane* v. *Mebane*, 80 N. C., 34, cited and approved.)

MOTION in the cause heard at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

There was judgment for petitioners, from which the Beards appealed. See preceding case.

*Messrs. J. S. Henderson* and *J. M. McCorkle*, for petitioners. *Mr. W. H. Bailey, contra.*

SMITH, C. J. The present proceeding commenced by motion in the cause, like that in the *Merony* case at the present term, seeks to subject to the payment of the purchase money another tract bought at the same sale by one Margaretta L. Beard from the clerk and master, Luke Blackmer, and for which she executed her bond payable to him as guardian of Anna Macay. During the progress of the cause the said Anna who had intermarried with Stephen F. Lord, a co-plaintiff, died intestate and her said husband (who administered on her estate) and her heirs at law were made par-

ties plaintiff. The said Margaretta also died intestate and the defendants are her administrator and heirs at law, two of whom are infants and represented by their guardian.

The defence set up is: 1st. That the note has been paid and a deed conveying the land to the ancestor of the defendants executed by the clerk and master pursuant to the decree, and lost before registration. 2d. That the defendant, Julia M. Beard, has acquired the title to part of the land by purchasing at a sheriff's sale for taxes and his deed to her. Two issues were accordingly submitted to the jury which with their findings are as follows :

1. Has the note for the purchase money as described in the complaint, been paid ? Answer. It has not been paid.

2. Is Julia M. Beard the owner of and entitled to the possession of nine acres of land described in the complaint, by reason of purchase under sale for taxes ? Answer. She acquired the title of Margaretta L. Beard by the purchase under sale for taxes.

The exceptions are to the ruling out of certain evidence offered by the defendants, and to the instructions of the court as to the title vested in the defendant, Julia M., by the sale for taxes and the sheriff's deed.

I. The defendants offered the said Julia M., as a witness upon the first issue and she was duly sworn without objection. They then proposed to prove the payment of the note to the guardian by the said Margaretta previous to the action. On objection of the plaintiffs the court declared the witness incompetent and ruled out the testimony. The witness, though not disabled by C. C. P., § 343, from testifying to what occurred in the lifetime of said Margaretta between herself and the guardian still living, since it is not a transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, as a witness against a party then prosecuting or defending the action as executor, administrator, heir at law,

&c., is clearly excluded from giving the proposed evidence
by the proviso annexed by the act of 1879, ch. 183. This
amendment declares that no party to a suit founded on a
judgment rendered, or note under seal for the payment of
money, or conditioned to pay money, executed previous to
August 1st, 1868, shall be a competent witness, but the rules
of evidence in force at the rendition of the judgment or ex-
ecution of the note shall apply to the suit. The bond now
to be enforced was given in 1863, and is within the terms of
the enactment. We have had occasion heretofore to con-
strue this proviso and will simply refer to the cases of *Can-
non* v. *Morris*, 81, N. C., 139, and *Tabor* v. *Ward*, 83 N. C.,
291.

It has been argued that the objection to the competency
of the witness should have been taken on "*voire dire*," and
herself examined before she was sworn in chief. This
seems to have been the former practice; but as remarked by
Mr. GREENLEAF, the objection is now usually taken after
one is sworn in chief. 1 Greenl. Ev., § 421. "This peculiar
form of oath," observes a recent writer of high authority, "is
now however seldom administered, and the facts on which
the objection rests, if not admitted by the opposite side, are
elicited by questions put to the witness after being sworn
in chief." 2 Tay. Evi., § 1257. When the witness proceeds
to give in his evidence, the objection may be deemed waived
and yet when the incompetency first appears after testi-
mony has been given in and the exception is promptly
taken, it will usually be stricken out. *Meroney* v. *Avery*, 64
N. C., 312. Alluding to numerous citations of counsel in
support of the practice, LORD ALVANLEY says: "I can add
the testimony of my own experience which has been of
more than forty years, that whenever a witness was discov-
ered to be incompetent the judge always strikes the evidence
which he had given from his notes." *Jacob* v. *Layborn*, 11

M. & W. Ex., 685. To the same effect is *Shurleff* v. *Willard*, 19 Pick., 202.

II. The defendants introduced also to prove payment of the note, the deposition of said Margaretta taken, passed on and ordered to be read in the former action between the same original parties, which was dismissed (*Lord* v. *Beard*, 79 N. C., 5,) because improperly commenced. This on objection was also excluded from the jury. If the witness were living and remained a sole defendant, she could not be examined *viva voce* under the inhibitions of the act of 1879. Nor would it be permitted to be read or taken *de bene esse*. No party or person interested in the results of a suit could testify under the law in force when the contract was entered into, and the disability in the limited cases to which it is applicable is perpetuated by the statute. We see no grounds upon which the admissibility of the deposition can be defended, and not the oral testimony of a witness under similar circumstances. That it was read on a former trial when the act was not in force is no reason for admitting it now when it is prohibited by the law.

III. The title set up by the defendant, Julia M., to a part of the premises under the sale for taxes. The intestate Margaretta was let into possession after her contract of purchase, and failed to pay her taxes for the years 1875 and 1876. The sheriff upon her default levied on the land, returned his levy to the clerk's office, gave her notice of the sale, and at the court house door on the 6th day of August, 1877, sold "the right, title and interest of the said Margaretta L. Beard" to the said Julia M, for the amount of the taxes and expenses, she "taking the smallest part of the premises," and gave her a deed for the nine acres claimed. The court was of opinion that the effect of these proceedings was to vest in Julia M, only such title as was vested in Margaretta, and no notice being given to S. F. Lord and wife, the estate acquired was still liable for the purchase

money, and so charged the jury. We assent to the conclu-
sion of His Honor that the plaintiff's redress upon the land
has not been disturbed by the tax sale and the substitution
of the purchaser thereat to the estate of her ancestor. Aside
from the enquiry whether the requirements of the statute
have been strictly observed, and the sale effectual as to the
delinquent tax-payer, it is plain her interests alone in the
property have been transmitted to the purchaser. The
statute throughout speaks only of the party who owes and
is in default in paying the tax. The sheriff is directed to
" levy on the lands of the delinquent." Act 1876–'77, ch.
155, § 29, par. 3. The effect given to the deed which must
be registered in six months is to " *convey to the grantee all the
estate in the quantity of land which the said purchaser bid, which
the delinquent, his agent or attorney had, at the time of the sale
for taxes,*" § 33. The sheriff seems to have acted in full
recognition of these provisions of the law directed against
the delinquent. No notice was given to the owner of the
legal estate and this is essential to the validity of the
proceeding and to the impairment of her rights. In
*Whitehurst* v. *Gaskill,* 69 N. C., 449, the notice was served
upon the mortgagor and it was held to be insufficient.
READE, J., declaring that the mortgagee is the legal owner
of the land and has a substantial interest in it and is the
person entitled to the notice, and for want of it the estate
of the mortgagee was not affected by the sale.

IV. The defendants also insist upon the application of
the scale as of the date of the bond. The sale was in 1859,
and the debt for the purchase money then contracted. The
note itself, though dated and executed in 1863, bears inter-
est from the day of sale, and thus recognizes the obligation
as a subsisting one, from that date. The case is not in
principle distinguishable from *Boykin* v. *Barnes,* 76 N. C.,
318, and is governed by that decision. There, the defend-
ant under an agreement with one Eure took up a note of

the latter executed in September, 1860, and substituted his own for the same amount antedated to correspond in August, 1863. The latter note was held not subject to the scale, the statutory presumption being repelled. The relation of the note to the date of the contract which it undertakes to comply with, is as obviously within the contemplation of the parties to it in the one case as in the other, and the same considerations exist to exempt this from the operation of the scale.

The exceptions of the defendant must therefore be overruled and a decree for a sale entered in accordance with the practice in such cases as pointed out in *Mcbane* v. *Mebane,* 80 N. C., 34, and against the administrator of Margaretta for the amount due by his intestate. Let this be certified that further proceedings may be had in the court below.

No error. Affirmed.