### W. M. MOORE v. JOHN C. BYRD.

*Ejectment—Taxation—Constitutional Statute—Tax Title —Evidence—Tax Deed Prima Facie Evidence of Title.*

1. The collection of taxes upon real estate being in the nature of a proceeding *in rem,* and each tract of land being under a liability, which it cannot escape, to contribute its *pro rata* to the support of the government, it is competent for the Legislature to make the deed executed by the sheriff to one who has purchased under the State's preferred lien a *prima facie* title. Hence,

2. Sec. 74 of Ch. 137, Acts of 1887 (which is the same as Sec. 66, Ch. 119, Acts of 1895) is not in conflict with the Constitution in providing that, in actions to recover land on title based on tax deed, the person claiming adversely to the tax deed must, in order to defeat the tax title, prove either that the property was not subject to taxation for the year named in the deed, or that the taxes had been paid at the time of the sale.

3. Since such statute makes the sheriff's tax deed *prima facie* evidence of title, the purchaser, as plaintiff in ejectment, is entitled to recover upon proof of the tax deed conveying the land, if defendant introduces no evidence of his title and of his having paid the taxes for which the land was sold.

ACTION to recover land, tried before *Timberlake, J.,* and a jury, at Fall Term, 1894, of YANCEY Superior Court. His Honor directed a verdict for the defendant, and plaintiff appealed.

The facts are stated in the opinion of Associate Justice CLARK.

*Mr. E. J. Justice,* for defendant (appellee).
No counsel, *contra.*

CLARK, J.: The real estate in controversy was sold for non-payment of taxes as the property of S. M. Riddle, and

after the lapse of one year, it not being redeemed, the sheriff executed a deed to the purchaser who is the plaintiff herein.    This is an action of ejectment for the premises brought against the defendant in possession, who was not shown to be holding under Riddle or in privity with him. The plaintiff introduced the sheriff's deed and evidence as to rents and profits.    The defendant introduced no evidence, and the court directed verdict for the defendant.

The difficulty of obtaining a good title under a sale for non-payment of taxes, by reason of the many refinements and technicalities formerly existing, was such that the collection of taxes upon real estate practically could not be enforced unless the owner thereof would volunteer to pay them, and the Legislature, in 1885, Ch. 238, appointed a tax commission to report a more stringent law by which the collection of taxes could be more generally and impartially enforced, and the report of this commission, with some modifications, was adopted into Chapter 137, Acts 1887, and its provisions have been re-enacted by each succeeding Legislature, with slight change if any, and are now found in Chapter 119, Acts 1895.    One of these provisions, to be found in Section 66 of this Act of 1895 (being Section 74 of the aforesaid Act of 1887) is as follows : " And in all controversies and suits involving the title of real property claimed and held under and by virtue of a deed made substantially as aforesaid by the sheriff, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said property was not subject to taxation for the year or years named in the deed, or that the taxes had been paid before the sale,--------------but no person shall be permitted to question the title acquired by the sheriff's deed without first showing that he or the person under whom he claims title had title to the property at

118—44

the time of the sale, and that all taxes due upon the prop-
erty have been paid by such person or the persons under
whom he claims title as aforesaid." There are safeguards
and exceptions in the provisos to this Section, and protec-
tion as to those under disability is provided for by Section
69, but these points are not material to be considered
here. Section 71 expressly makes the Act applicable when
the land is sold under the tax lien in the name of other
than the true owner, subject, of course, to the true owner's
right to show that he had discharged the State's lien.
There is no constitutional inhibition disabling the Legisla-
ture from passing this Act, and the courts must administer
its plain provisions. The collection of taxes upon real estate
is in the nature of a proceeding *in rem,* each tract of
land being under a liability, not to be evaded, to contrib-
ute its *pro rata* to the support of government, and it is
competent for the Legislature to make the deed executed
to one who has purchased under the State's preferred lien
a *prima facie* title. There is no hardship in this, for the
State, having the ultimate title to the soil, (as is shown by
the doctrines of eminent domain and escheats,) and its lien
for taxes being preferred to all others, its rights as such
lienor, when transferred by deed to the purchaser at a sale
for non-payment of taxes, can only be defeated by one who
shows that he had the true title at the time of the tax-sale,
and that the sale under the State's preferred lien upon the
land in question for the taxes did not, in spite of the deed,
pass the title to the grantee, because he, the defendant, had
discharged said lien. If this were not so, the State
could not collect taxes on any land whose true owner is
unknown, or where the title is in controversy. The
State's lien is *in rem.* Taxes being public, every one is
fixed with notice of the lien upon his real estate for taxes,
and must always know whether he has discharged such

MOORE *v.* BYRD.

lien or not. By Section 237 of *The Code* a defendant in an action of ejectment is required to give bond before he is " permitted to plead, answer or demur." In this case, before the defendant is permitted to question the title acquired by the State by virtue of its lien on the *rem* for taxes and conveyed by it to the plaintiff, the defendant is required to show that he had title and had paid off the State's lien on the land. This may be a strong measure, but the Legislature has deemed it a necessary one, and they are the sole judges thereof. One who has failed to discharge the lien he owes the State for the taxes due and unpaid on his land, cannot complain that the State has transferred to another, who has paid off such incumbrance, its prior lien, and that he cannot be heard in the State's court, when thus in default, to contradict the title conveyed to the purchaser under such lien. The act does not defeat the defendant's title but changes the burden of proof, as it is always in the power of the Legislature to do, by requiring the party in possession, claiming adversely to the deed executed under the State's authority, to show that he has discharged the State's lien for taxes. In this case, the plaintiff having produced his tax-title, it was incumbent on the defendant under the plain terms of the statute to negative the *prima facie title* thus made out by the plaintiff, by showing title in himself, rebutting the presumption created by law, and allowed to be rebutted, and that he had paid off the lien for taxes. Whether the land is sold as property of the true owner or as another's, the true owner has one year in which to pay or tender the statutory amount. The verdict should be set aside.

New Trial.