## W. M. SANDERS v. JOHN EARP.

*Tax Deed—Validity—Notice of Sale to Tax Payer—Duty of Sheriff.*

1. Though by the Revenue Act of 1891 the sheriff is directed to give notice by mail to a tax payer of the sale of his land for taxes, yet the failure to give such notice is declared by the same Act to be an irregularity only, so far as the purchaser is concerned, and does not invalidate the deed for the land.

2. *Semble*, that the sheriff would be liable to the owner of the land, in damages, for his failure to give the notice required by the statute.

This was a CONTROVERSY, submitted without action, and heard by his Honor, *Judge James D. McIver, at Chambers*, in Lillington, N. C., February 19, 1896, at the request and by the consent of both parties to the controversy; and from the judgment therein rendered by the judge the plaintiff appealed to the Supreme Court.

The submission of the controversy and the judgment rendered are as follows, to-wit:

" W. M. Sanders and John E. Earp, being parties to a question in difference, which might be the subject of a civil action, present a submission of the same to the court for its decision, as follows:

" On the first Monday of May, 1893, a tract of land, situate in the County of Johnston, the property of said John E. Earp, described as follows—that tract in O'Neal's township whereon said Earp now lives, adjoining the lands of Turner Eason, W. T. Jones, W. S. Eason, J. W. B. Watson, T. T. Oliver and others, containing one hundred and fifty-nine acres, more or less—was sold by J. T. Ellington, the sheriff of said county, for taxes lawfully due thereon and unpaid for the year 1892.

" That a certificate was lawfully executed to the purchaser at said sale, and said Earp failed to redeem the land during the time prescribed by law.

" That within the time prescribed by law, said certificate was duly and properly transferred and assigned by the said purchaser at the sheriff's sale, in accordance with the statute, to said Sanders, and also within the time prescribed by law ; and, after the time for redemption of the said tract of land had expired, the sheriff executed and delivered to said W. M. Sanders, upon surrender of the certificate, a good and sufficient deed, according to law, properly conveying the tract of land above described.

" That all the requirements of law, relative to the sale of said tract of land for taxes and the execution of said deed, were complied with, except that said Earp was not notified by the sheriff through the mail of said sale, but that notice of the sale was made according to law for four consecutive weeks in the Smithfield *Herald*, a newspaper published in said county, and designated by the commissioners of Johnston county.

" That said Earp is in possession of the land and refuses to surrender possession of the same, but that said Sanders does not seek to recover the annual rental value of the same.

" Wherefore, said W. M. Sanders and J. E. Earp, desirous of saving the costs of a civil action, respectfully ask your Honor to decide who is the owner and entitled to the possession of the tract of land upon the facts above stated."

His Honor rendered judgment for the defendant and the plaintiff appealed.

*Messrs. Shepherd & Busbee*, for plaintiff (appellant).
No counsel, *contra*.

Montgomery, J. :   Before the Revenue Act of 1887 the laws put upon the purchasers of lands at tax sales, who claimed by deed from the sheriff, the burden of proving the regularity of most of the proceedings under which the sales were made, and especially that part of the proceedings which required of the sheriff to give notice of the intended sale to the person who held the legal title to the land.   The act above referred to reversed the whole spirit of our laws in respect to the sale of land for taxes and made either a presumption of entire regularity in favor of the purchaser, or declared errors and mistakes mere irregularities, from the levying of the taxes by the commissioners to the sale of the property, including the sheriff's deed, if the taxes were lawful and there was no fraud in the sale, or unless the taxes had been paid and erroneously entered by the sheriff on his books as a credit to another person for his taxes. However, in the Act of 1887 there was a most important and salutary provision which has been omitted in all the subsequent revenue acts.   Section 69 of that act in substance provides that the purchaser of lands at tax sales, or his assignee, shall, three months before the expiration of the time of redemption, serve a written or printed notice of his purchase on the person in the actual possession of the land, and also on the person in whose name the land was assessed ; and in the notice he shall give the date of his purchase, the name of the person in whom the land was assessed, a description of the same, for what year the tax was assessed, and when the time of redemption will end.   Section 70 of the act required that the purchaser, before he could demand a deed from the sheriff, should make affidavit that he had given the notice required by Section 69.   The affidavit was to be filed by the sheriff in the office of the register of deeds, and was to be only *prima facie* evidence that such notice had been given ;

and false swearing in this respect was made perjury. In Section 82 of the act, this failure to give notice is excepted from the list of irregularities in the proceedings, which are deemed mere irregularities under that act.

It is difficult to understand why such a just and whole some provision of the Act of 1887 has not since that time been brought forward as a part of the revenue law of the state.

The present case was submitted to the court below under Section 567 of *The Code.* It is agreed in the case that all of the proceedings are regular, except that the sheriff gave no notice of the sale by mail to the defendant. The only question in the case is, was the failure of the sheriff to give notice by mail to the tax payer of the sale of land for taxes fatal to the deed from the sheriff to the plaintiff? The law is plainly written that such notice, while required in the statute, is declared in the same to be a mere irregularity so far as the purchaser is concerned. The plaintiff is entitled to the possession of the land. It appears that a tract of land of 159 acres had been sold for taxes and that the purchaser had no notice of the sale, except that of a general advertisement in a newspaper, probably with many other sales in the same advertisement. If the constitutional limitation in respect to taxation is considered, it will be seen that the taxes levied on this land could have been only a few dollars—the amount the purchaser probably was not anxious to see stated in the case submitted. It is a hard case, but probably the defendant is not without a remedy. Because the revenue law, while providing for the notice, declares that the notice is only directory and the want of it a mere irregularity as to the purchaser, it does not follow that the sheriff or tax collector can neglect to perform his part of the requirements of the law with impunity. If he knew where the post office of the defend-

ant was, or with reasonable diligence could have learned of it, and did not give the notice, he can probably be made to respond in damages to the value of the land to the defendant for his failure to discharge his duty. The principle laid down in *State* v. *Hatch*, 116 N. C., 1003, is another of the healthy stimulants applied by the law to force neglectful public officers to the performance of their reasonable duties. There is error in the judgment of the court below and the same is reversed.

Reversed.