A jury trial was waived, and his Honor found the following facts:
The facts found by the court upon the trial in this case are as follows, which appear in the record: On 18 May, 1893, T. H. H. Richardson, residing in Craven County, State of North Carolina, city of New Bern, was the owner, and seized and possessed in fee simple of the lot of land described in the complaint and the tax deed hereinafter mentioned, being an unimproved lot, worth about $250, situated in the said city, county and State; and the description of said lot in the complaint, which is identical with the description in the said tax deed and the deed to the plaintiff hereinafter mentioned, is a true and perfect description, fully covering and identifying said lot. During June, 1893, the said Richardson listed said lot for taxation in the Eighth Township, embracing the city of New Bern, said county, in which he resided; and said list was given in, signed, verified and delivered by the said Richardson in person, and all the requirements of the law then in force regulating the listing of property were complied with in the listing of said lot. That the said lot had been duly assessed *Page 48 
in 1891 for taxation, as was provided by the law, by the board of list takers and assessors in said county of said township, and all the requirements of the law then in force, regulating the assessment of real estate for taxation, were complied with in the assessment of (77) said lot; that the said lot so listed and assessed was placed upon the tax list of Craven County for the year 1893, and the taxes due the State and county for the said year were duly charged up to said Richardson upon said lot, amounting to the sum of $4.59; that the said tax list went into the hands of the Sheriff of Craven County for collection, said list being in due form and properly endorsed, in compliance with the then existing law; that in default of the payment of the taxes aforesaid of the said Richardson upon the said lot, the same being due, the said sheriff, W. B. Lane, duly levied upon the said lot and sold the same, under his tax list, after due personal notice and notice through the mail to said Richardson; that the sale of said lot was duly advertised once a week for four successive weeks preceding said sale by the said sheriff in the New Bern Journal, a newspaper having a general circulation and published in Craven County, N.C. and notice duly posted, as required by law, in all respects; that at said sale by the said sheriff, on 2 April, a legal sale day in Craven County, the county of Craven became the purchaser of said lot for the sum of $5.79, being the amount of delinquent taxes and costs due by said Richardson, and the said sheriff duly executed to said county a tax certificate, in the form prescribed by the Machinery Act of 1893, for said lot, with description, the same as the description in the complaint, tax deed and deed of plaintiff; that said tax certificate, after the period of redemption of said lot from sale had expired, to-wit, after April, 1895, was duly assigned, in accordance with all the provisions of the existing law relating to such assignments, to the defendant W. L. Baird by the chairman of the Board of Commissioners of Craven County, by authority of said board; that thereafter, (78) to-wit, on 13 January, 1896, the said W. L. Baird demanded and obtained from the Sheriff of Craven County a deed for the said lot, a copy of which is hereto annexed, marked "Exhibit D," and which is in the form prescribed by law; that said deed has been duly probated and recorded in the records of Craven County, and the defendant W. L. Baird entered into the possession of the premises therein described, being the same described in the complaint, claimed by the plaintiff, Stanley, and is now in the possession of the same by his tenant, Bryce Moore, a copy of the lease from said Baird to said Moore being hereto annexed, marked "E"; that the plaintiff has demanded the possession of the said premises from the defendants, *Page 49 
who refuse to surrender and deliver up the same to the plaintiff; that on 2 January, 1894, the plaintiff, Stanley, purchased by warranty deed said lot for the sum of $250 from T. H. H. Richardson, aforesaid, which deed is duly probated and recorded in Craven County, and claims title to said lot under said deed; that said Stanley is a resident and citizen of said Craven County; that the lot of land conveyed by the tax deed aforesaid from W. B. Lane, sheriff, to W. L. Baird was subject to the taxation for the year 1893, stated in said deed; that the taxes due thereon were not paid or tendered, either by Stanley or Richardson, at any time before the sale; that the said lot had not been redeemed by any person having a lien thereon, or Stanley, or Richardson, or otherwise, from the sale at the date of the deed of the sheriff to said Baird; that the said lot had been listed (79) and assessed, as aforesaid, according to law; that the taxes due thereon were levied according to law; that the lot was sold for taxes, as stated in the deed; that due notice had been given and due publication had, as aforesaid; that the said lot was duly advertised for sale, as required by law; that W. L. Baird, the grantee named in the sheriff's deed, was the assignee, as aforesaid, of the purchaser, Craven County; that the said Richardson at no time tendered to the Sheriff of Craven County any personal property upon which the said sheriff could have levied to satisfy said taxes; that for the purpose of instituting this action said Stanley has paid all taxes due upon said property, in compliance with section 66, Machinery Act, 1895; that said Richardson and his vendee, Stanley, at no time tendered or offered to point out any personal property of said Richardson upon which said Sheriff of Craven County could levy and which he could sell to satisfy the taxes due for said year 1893 by said Richardson.
These facts being found by the court, the plaintiff then offered to prove by himself and other witnesses that T. H. H. Richardson, his grantor, owned and possessed on 1 September, 1893, personal property, to-wit, certain office furniture, situate in the city of New Bern, Eighth Township, Craven County, N.C. and that he owned and possessed said property from said date to the date of the sale of the lot before mentioned, to-wit, on 2 April, 1894, both inclusive; that said property was of value (over and above all tax exemptions) equal to all the taxes for the year 1893, aforesaid, charged against the said Richardson on the tax list of 1893, and more than (80) sufficient during the whole period of the time aforesaid, at any and all times, if levied upon, to have paid said taxes, and that said property was unencumbered personalty of the value of $50.
The defendant objected to this testimony as incompetent and inadmissible, under the provisions of the existing law, sections 66 and *Page 50 
74, and other sections of the Machinery Act of North Carolina (acts of 1895) identical with the same provisions of the acts of 1893, known as the Machinery Act, or "Act to provide for the assessment of property and the collection of taxes."
His Honor, being of the opinion that said testimony was incompetent and inadmissible, the tax deed being conclusive evidence that all the prerequisites of the law were complied with by the sheriff, and that all things whatsoever required by law to make a good and valid sale and to vest title in the defendant Baird, the assignee of the purchaser, Craven County, were done, and that said deed was conclusive evidence of the facts stated in subdivisions (1), (2), (3), in the second paragraph, section 66, Machinery Act, 1895, declined to allow said testimony to be introduced by plaintiff. Exception by plaintiff.
The court thereupon found as conclusions of law:
1. That under the provision of the Machinery Act of 1895, section 66 thereof, and similar sections of the same act of the General Assembly of 1893, and prior acts of the same import since 1887, the tax deed under which defendant Baird claims is conclusive evidence of the facts stated in subdivisions (1), (2), (3) of second paragraph of said section 66, Machinery Act of 1895, and presumptive evidence of the other facts stated in said section.
2. That any evidence as to the ownership of personal (81) property by the plaintiff's grantor, upon which the sheriff failed or neglected to levy to satisfy the taxes due upon the land described in the complaint, is competent and inadmissible, the said tax deed being conclusive evidence that the law was fully complied with.
3. That the change of ownership of the land did not affect the lien of the taxes due thereon, or the sale, or the title of the defendant Baird under his tax deed.
4. That the defendant W. L. Baird is the owner and lawfully in the possession of the premises described in the complaint, and the plaintiff is not entitled to recover said premises in this action.
There was judgment for the defendant, and plaintiff appealed, assigning as error:
1. That his Honor erred in excluding the evidence offered by plaintiff as to the ownership of personal property by Richardson, and in holding that the tax deed is conclusive evidence, and in his first conclusion of law.
2. That his Honor erred in his second conclusion of law, that the change of ownership of the land did not affect the sale and title of defendant Baird.
3. That his Honor erred in his third conclusion. *Page 51 
From the great difficulty in collecting taxes and in sustaining tax titles for land, under the law as it existed prior to 1887, it was necessary that there should be legislation on the subject. But in providing for an admitted defect in the law it may well be considered whether the legislative pendulum did not swing too far the other way, and whether the time for redemption should not be extended and the purchaser be required, at least six (82) months before the expiration of the time at which he will be entitled to demand a deed, to give the owner of the land notice of his purchase, the amount paid and the time when he will be entitled to demand a deed, personally, if the party resides in the State and is known, and by publication if he does not reside in the State or is not known to the purchaser. But this is a matter for the Legislature to determine, and not for us. It is our duty to declare the law as we find it, and not to make the law. And, this being so, we find no error in the judgment appealed from.
Before 1887 the theory was that the sheriff or tax collector acted under a simple legislative power, which had to be strictly pursued to convey title to land, and the burden of showing this was upon the purchaser. There were no presumptions in his favor. Avery v. Rose,15 N.C. 549; Hays v. Hunt, 85 N.C. 303. But the Legislature entirely reversed this theory in 1887, and every Legislature since 1887 has substantially re-enacted the legislation of that year. By this legislation everything is presumed in favor of purchasers — some of these are conclusively presumed, while others are not. Section 66, chapter 119, Acts 1895. But those that are not conclusive, with a few exceptions, are declared to be but irregularities, and not to affect the validity of the tax title. Section 74, chapter 119, Acts 1895. The only ground of defense left by this act is to be found in the last paragraph of section 66, chapter 119, on page 158 of the Laws of 1895. And neither of the defendant's exceptions is included in the grounds of defense as there laid down. We will not here enumerate these grounds, as none of them cover the defendant's exceptions. But one of them is fraud on the part of the officer or on the part of the purchaser to defeat the claim of the owner. If this is established it will defeat the tax title. Fraud is not alleged in this case, (83) but it is to be noted that the parties all lived in the same town; that plaintiff's land was sold for another man's debt; that the owner was not notified of the sale, and that the man who owed the debt (Richardson) owned and had in the town of New Bern more than five *Page 52 
times as much personal property as would have paid this tax, when the act (section 51, chapter 119, supra) expressly provides that "no land shall be sold for taxes unless the taxpayer has not sufficient personal property to pay the same situated in the county where the tax is due." It seems that plaintiff has lost his land by the sheriff's failing to discharge his duty. But it does not follow that he has lost its value. Hollman v. Miller, 103, N.C. 118; Young v. Connelly, 112 N.C. 646; Thomas v. Connelly, 104 N.C. 342. It is suggested whether a sheriff, for such neglect of a public duty, is not liable to the plaintiff in damages and also to an indictment.State v. Hatch, 116 N.C. 1003. There is no error, and the judgment must be
Affirmed.
Cited: Powell v. Sikes, 119 N.C. 232; Edwards v. Lyman, 122 N.C. 746;Collins v. Pettitt, 124 N.C. 729, 734, 737; Geer v. Brown, 126 N.C. 239;Montague v. Williams, 133 N.C. 783; Turner v. McKee, 137 N.C. 254.