W. C. POWELL & CO. v. J. M. SIKES, et al.

*Action to Recover Land—Sale of Land for Taxes—Tax Deed—Mortgagee Not Entitled to Notice of Sale of Land for Taxes.*

1. Under the Revenue Act of 1891 (Ch. 323) a sheriff's deed for land sold for taxes is good as against a mortgage recorded before the sale, but after the levy of the taxes.

2. It is the duty of a mortgagee to pay the taxes on the mortgaged land if the mortgagor fails to do so, and in case of a sale of the land for the taxes he is barred, notwithstanding he has no notice of the intended sale by the sheriff.

ACTION to recover land, tried at April Term, 1896, of GRANVILLE Superior Court, before *Coble, J.*, and a jury. The facts appear in the opinion of Associate Justice MONTGOMERY.

The jury, under instruction of his Honor, rendered a verdict for the defendant, and from the judgment thereon plaintiff appealed.

*Messrs. Edwards & Royster*, for plaintiffs (appellants).
*Messrs. T. T. & A. A. Hicks*, for defendants.

MONTGOMERY, J. : This action was brought for the possession of a tract of land described in the complaint. The defendant Sikes bought the premises on June 6, 1892, at the sheriff's sale for taxes due for 1891. The sheriff executed a deed to Sikes on December 28, 1893. On February 2, 1892, the defendant Emery, who was the owner of the land, and who listed it for taxation in 1891, executed to the plaintiffs a mortgage to secure a debt therein mentioned, which debt was unpaid at the time of the sheriff's sale. The plaintiff had no notice of the sale. The plaint-

iffs insist that the defendant Sikes bought only the defend-
ant Emery's right in the property, i. e. the right to redeem
the land upon the payment of the mortgage debt, and that
the plaintiffs were the legal owners of the land at the time
of the sheriff's sale, and that they are entitled as mort-
gagees to the possession of the land.   In support of this
position we are cited by counsel for plaintiffs to the case
of *Hill* v. *Nicholson*, 92 N. C., 24, and the cases there
cited.   It was decided in these cases that the mortgagee,
being the legal owner of the land, was entitled to notice
from the sheriff of intended sales of the land for taxes.
The case of *Woody* v. *Jones*, 113 N. C., 253, is to the same
effect.   But this Court in more recent decisions, in con-
struing the Revenue Act of 1891, has held that a mort-
gagee's lien is subject to the lien for taxes, and that he
must pay them if the mortgagor does not, and that he is
barred by a sale of the land for taxes without notice from
the sheriff.   In *Exum* v. *Baker*, 115 N. C., 242, the Court
held that " a mortgagee was required to see to the dis-
charge of the tax liens as they fell due, if the mortgagor
should make default in the payment, or submit to the con-
sequences of his neglect to do so."   In *Stanley* v. *Baird*,
118 N. C., 75, the facts were like these in the case before the
Court, except that the owner of the land conveyed it in fee-
simple instead of by way of mortgage, to the plaintiff in
that suit, before the land was sold for taxes, and after they
were due.   Section 73 of the Act of 1891 provides that
" no sale of real property for taxes shall be considered valid
(invalid) on account of the same having been charged in
any other name than that of a rightful owner, if the said
property be in other respects sufficiently described."   There
is no error in the judgment of the court below.

Affirmed.