A. H. LYMAN v. E. T. HUNTER.

(Decided December 20, 1898.)

*Tax Title—Statute of Limitations—Revenue Act.*

1. Under the Revenue Act, Chapter 119, Section 69, Laws 1895, an action for recovery of land sold for taxes is barred by lapse of three years after such sale, unless the owner be under legal disability.

2. Where prior to the listing of the land for taxes, for the non-payment of which the land was sold, the owner had conveyed the property to a trustee in trust to pay a debt, the tax collector's deed divested the title of trustor, trustee, and *cestui que* trust, and was superior to the deed of the purchaser at the trustee's sale.

CONTROVERSY without action submitted for decision, upon facts agreed, to *Norwood, J.*, at Asheville, on December 12, 1898.

LYMAN v. HUNTER.

His Honor rendered judgment in favor of defendant, and plaintiff appealed.

The facts agreed are stated in the opinion.

*Messrs. Moore & Moore,* for plaintiff (appellant).
*Messrs. Davidson & Jones,* for defendant.

MONTGOMERY, J , delivers the opinion.
DOUGLAS, J., *dubitante.*
FURCHES, J. :  I concur in the judgment upon the last ground stated in the opinion.

MONTGOMERY, J. :   This is a controversy submitted without action under Section 567 of *The Code,* at the September Term, 1898, of Buncombe Superior Court, and a lot or parcel of land in the city of Asheville is the subject of controversy.   The defendant is in possession of the property claiming title thereto, but the plaintiff alleges that he is the owner of the same in fee and entitled to the possession.   The decision of the matter is to be made upon the following facts:

The lot was listed and assessed for taxation in 1892 as the property of T. A. Cummings, was sold regularly by the tax collector upon the failure of the owner, Cummings, or any one for him to pay the taxes, and a deed therefor was executed and delivered by the tax collector on June 11, 1895, and registered at once.   By virtue of that deed, the defendant is now in possession of the land and claims title thereto.   Before the lot was listed for taxes, Cummings conveyed the same by deed of trust to D. C. Waddell, Jr., to secure a debt to Youmans.   The deed of trust was duly registered.   There was default made by Cummings in the payment of the debt; the trustee after due notice and in compliance with all the provisions of the deed of trust sold the lot

of land on the 11th of May, 1897 when the plaintiff Lyman became the purchaser thereof, received a deed therefor from the trustee and now claims title thereunder.

The first question of law arising upon the facts sub mitted, is this: Is the plaintiff barred by the Statute of Limitations contained in Section .69, Chapter 119 of the Laws 1895 from maintaining an action for the recovery of the lot ?   That section reads as follows:  "No action for the recovery of real property sold for the non-pay ment of taxes shall lie,  unless the same be brought within three years after the sheriff's deed is made as above provided; provided that where the owner of such real property sold as aforesaid at the time of such sale be a minor or insane or convict in the penitentiary or under any other legal disability,  three years after such disability shall be removed, shall be allowed such per son, his heirs or legal representatives to bring action." His Honor held that the plaintiff's claim was barred by that statute and we think there was no error in this ruling.

The question is not before us as to whether that Sec tion 69, Chapter 119 of the Laws 1895 would be a bar against the claims of infant *cestuis que* trust, where the lands, held in trust for the security of a debt in which they had an interest, had been sold for taxes on ac count of the failure of the owner, trustor, to pay the taxes; nor is the question before us as to whether that section would be a bar against the claims of infant heirs at law of a deceased mortgagee who had died be fore the time, allowed by law to pay the taxes on the mortgaged land, had expired and the land had been sold for the taxes; and we express no opinion on these mat ters.   The case before us is free from either of these complications.

The other question in the case—whether the tax sale had divested the title of Cummings and that of the trustee, and vested it in the purchaser, the defendant—it is not really necessary to decide ; for, upon our decision of the first question, the right of the plaintiff to maintain an action for the land has been answered in the negative.    But the case of *Powell* v. *Sykes*, 119 N. C., 231, leaves no doubt that the defendant in that case got a good title under the tax collector's deed.

Affirmed.

DOUGLAS, J., *dubitante.*

FURCHES, J.:   I concur in the judgment upon the last ground stated in the opinion.