SOUTHERN IMMIGRATION, IMPROVEMENT AND MANUFAC-
TURING COMPANY v. JOSEPH ROSEY et al.

(Filed 16 April, 1907).

1. **Tax Deed—Maker—Ex-Sheriff—Revisal 1905, sec. 950.**—A tax deed, signed and executed by one who was the Sheriff of the county at the time of the sale of land for taxes, after the expiration of his term of office, as "ex-sheriff," is authorized by Revisal, 1905, sec. 950, and is to that extent valid.

2. **Same—After Two Years From Sale Day—Statute—Void.**—Under the Laws of 1901 ch.. 588, and the Revisal 1905, sec. 2905, a tax deed made by a sheriff more than "two years from the day of sale of the real estate for taxes," etc., is void, the authority of the Sheriff to make the deed being solely derived from the statute, the statute being capable of a strict construction only, the time limitation must be observed.

3. **Same—Purchaser—Money Paid—Lien.**—A purchaser of land at a tax sale under the statute, subsequently acquiring an invalid title by reason of insufficient description, or void for not having been made within the statutory time, is entitled to have the amount he has paid therefor declared a lien on the land in his favor.

CIVIL ACTION to recover land, tried before *Justice, J.,* and a jury, at September Term, 1906, Superior Court of MOORE County.

Plaintiff claimed title under a deed conveying the land to plaintiff from J. R. Chamberlain, dated 9 June, 1891, and offered said deed in evidence. Plaintiff also introduced oral evidence tending to show occupation and claim of ownership under said deed.

Defendant claimed title under a tax deed from S. M. Jones, ex-Sheriff and former tax collector of Moore County, to one Joseph Rosey, bearing date 15 May, 1905, purporting to be made by virtue of a sale for taxes of the land in dispute, which took place on 6 May, 1901, while said S. M. Jones was Sheriff and tax collector of Moore County, such

land having been listed and sold as the property of said J. R. Chamberlain, plaintiff's grantor, and his brother. Defendant further set up a claim for the amount of taxes paid by the purchaser, Joseph Rosey, whom defendants here represent, both as administratrix and heirs at law.

There were issues submitted as to plaintiff's ownership of the land and wrongful possession thereof by defendants, and also issues as to the amounts paid by Joseph Rosey for the purchase of said land and for payment of the tax thereon for the years 1900 and 1901.

The issues as to the amount paid by Joseph Rosey having been answered by consent of parties, the Court charged the jury that on the evidence, if believed, they would answer the issue as to the ownership of the land and wrongful possession thereof in favor of plaintiff.

There was judgment on the verdict for plaintiff for the land, and also declaring the amounts paid by Joseph Rosey a lien thereon in favor of defendant administratrix, and from this judgment defendants excepted and appealed.

*W. J. Adams* and *J. H. Pou* for plaintiff.
*U. L. Spence* for defendant.

HOKE, J. The plaintiff having offered in evidence a deed from J. R. Chamberlain for the land in controversy, which antedates the sale for taxes and deed made pursuant thereto, in which the land was sold for taxes and conveyed as the property of J. R. Chamberlain, plaintiff's grantor, the rights of the parties litigant as to the ownership and possession of the land was properly made to depend on the validity of the said tax deed. *Edwards v. Lyman,* 122 N. C., 741.

According to the testimony, this sale took place on 6 May, 1901, and S. M. Jones, who was then Sheriff and tax

collector, gave to Joseph Rosey, the purchaser, a certificate; and on 19 May, 1902, the said tax collector undertook to execute a deed for the land to Joseph Rosey, which was void because it contained no sufficient description of the property and no data from which a description could be established or permitted by the aid of parol testimony. *Grier v. Allen,* 69 N. C., 346; *Tremane v. Williams,* present term, 56 S. E., 694; and perhaps for other defects which could be suggested.

Recognizing that this attempted conveyance was not sufficient to pass the property, the defendants procured from S. M. Jones the deed under which they now claim the property, sufficient in form for the purpose desired, and which was executed by S. M. Jones on 15 May, 1905, after he had gone out of office, and which is signed by him as ex-Sheriff.

No objection can be made to this deed from the mere fact that the grantor therein was not in office at the time the same was executed. Our statute expressly provides to the contrary, both as to sheriffs and tax collectors. Revisal, 1905, sec. 950. But the objection urged, and which we think is available to defeat the claim of defendants under this deed, is that the same was executed more than two years after the date of the sale.

The statute applicable to this question, Laws 1901, ch. 558, sec. 18, provides that "at any time within one year after the expiration of one year from the date of sale of any real estate for taxes, if the same shall not have been redeemed, the Sheriff, on request and on production of the certificate of purchase, shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance for the property," etc.

The same provision will be found, somewhat differently expressed, in Revisal, sec. 2905:

"*Deed, when and by whom made.*—At any time after one year, and within two years from the day of sale of any real estate for taxes, and upon demand of the purchaser, etc., the Sheriff shall execute a conveyance."

While these revenue laws should, in their general features, receive a reasonable and just construction, so as to promote and make efficient the evident purpose of the Legislature, it is also an accepted principle that in those features which may operate to deprive a citizen of his property by *quasi* summary proceedings or impose forfeitures upon him their requirements should be strictly complied with.

Black on Interpretation of Laws, p. 328, where we find the doctrine stated as follows:

"Again, those provisions of the revenue laws which authorize the officers of the revenue to make public sale of the lands on which the taxes remain delinquent are to be construed with strictness, so far as to require an exact compliance with all those provisions which are designed for the security and protection of the tax-payer, though less stress may be laid upon such provisions as are merely directions to the officers. The reason is that laws of this character operate to deprive the citizen of his estate, not, indeed, without due process of law, but by the agency of ministerial officers and in a summary manner, which may result in injustice, or even oppression, if his rights are not carefully guarded."

And further:

"When the statute under which land is sold for taxes directs an act to be done, or prescribes the form, time and manner of doing any act, such act must be done and in the form, time, and manner prescribed, or the title is invalid, and in this respect the statute must be strictly, if not literally, complied with."

In making a sale of this character and conveying the delinquent's property to the purchaser, the Sheriff or tax

collector acts solely by virtue of the authority given in the statute; and the statute having only conferred authority to make such a deed after one year, and within two years from date of sale, the officer's deed made after that date is invalid and conveys no title to the purchaser.

We have so held at the present term, in *Beaufort County Lumber Co. v. Price,* 56 S. E., 684.

No authority for such a deed is found in the statute, and there is no principle or rule of construction which would permit or justify the Court in ignoring the express limitation fixed by the law itself.

The deed, therefore, under which defendants claim, having been made more than four years after the tax collector's sale, conveyed no title to the purchaser, and the Court below was correct in holding that on the evidence, if believed, the issues as to title and possession should be answered in favor of plaintiff.

The plaintiff not having appealed, the question of whether the claim for taxes paid by Joseph Rosey was asserted within the time required by the statute, Revisal, 1905, secs. 2911 and 2912, is not presented.

There is no error, and the judgment below is affirmed.

No Error.