CHARLES WOODLEY *vs.* W. E. BOND Executor of A. W. MEBANE, Dec'd.

An o verseer who contracts to carry on a farm for the owner at a fixed salary for the year, is entitled to recover for the value of his services, where he quits his employer before the expiration of the year, because this employer sells out the plantation, stock and crop, and directs the overseer to remain and carry out the contract with the purchaser of the plantation.

Civil action tried before Pool, Judge, at Fall Term, 1871, of Chowan Superior Court.

It was in evidence that the defendant's testator hired the plaintiff as overseer of his plantation, in Bertie county, for the year 1870, for the sum of $625. On the 28th of July, 1870, the defendant's testator sold the plantation, crop and stock to Augustus Holley; that it was at the time of said sale agreed between Holley and the defendant's testator, that the plaintiff was to remain through the year upon the same terms, to occupy the same position; and by Holley that the sale was not intended to interfere in any way with the contract between him and the defendant's testator.

After the sale to Holley, the defendant's testator wrote to the plaintiff a letter reciting the above facts, which was received by the plaintiff on the 29th of July, 1870; that he declined to act upon this letter, and refused to let Mr. Holley have possession, saying that he would see Mr. Mebane (the defendant's testator) and find out what he meant.

CHARLES WOODLEY *v.* W. E. BOND.

On the 3d of August, 1870, the plaintiff saw the defendant's testator, and demanded the full contract price for his services for the year, and being refused he left the plantation.

The defendants counsel asked the Court to charge the jury, that there was no evidence that defendant's testator had [discharged the plaintiff from his service ; that the sale to Holley during the year, under the circumstances, did not justify the plaintiff in abandoning the contract, and having done so, he was not entitled to recover at all.

His Honor charged the jury that there was no evidence that defendant's testator had discharged the plaintiff, and that upon the sale being made during the year, the plaintiff had the right to put an end to the contract, and having done so, he was entitled to recover for the time he had served that proportion of the amount stipulated for the service for the year.

Defendant excepted verdict. Rule, &c., judgment and appeal.

*No Counsel* for plaintiff.
*Gilliam* for defendants.

DICK, J.   The plaintiff contracted to serve the testator of the defendant as an overseer on a farm for one year.   Before the term of service had expired, the said testator without the knowledge or consent of plaintiff, sold and delivered possession of said farm to Augustus Holley, and left the farm a few days after the sale.

The agreement between the plaintiff and testator was a personal contract, and its benefits and obligations did not in any respect pass with the land to Holley.   Various considerations besides the wages agreed upon, may have induced the plaintiff not to enter into the contract.   It may be that he would not served Holley at any price.   The contract consisted of mutual engagements between the parties which established the relation of employer and overseer, and as this relation

was ended by the action of the testator, the plaintiff was at liberty to regard the contract as rescinded, leave the farm, and bring suit upon a *quantum meruit* for services rendered at the instance and request of testator.

2 Parsons on Cont. 32, 523, 678. *Robeson* v. *Drummond*, 2 B & Ad. 303. *Planche* v. *Colborn*, 8 Bing: 14- 2 Smith L. E. 18, 19, (notes on *Cutler* v. *Powell.*)

The principles involved in this case are so well founded in natural justice, that they need no further discussion or citation of authority.

There is no error.

PER CURIAM.                                    Judgment affirmed.