KING v. COOPER.

(Filed May 28, 1901.)

1. TAX TITLES—*Presumptions—Notice—Evidence—Acts of 1897, Chap. 169, Secs. 64, 65—Ejectment.*

A tax deed is not presumptive evidence that the notice required of the purchaser under Acts 1897, Chap. 169, Secs. 64 and 65, was given.

2. APPEAL—*Review—Exceptions and Objections.*

Exceptions to the admission of evidence by one party will not be considered on appeal of the other party.

ACTION by R. W. King against A. Cooper, W. J. Crisp and Thos. J. Jarvis, heard by Judge *H. R. Starbuck* and a

jury, at December Term, 1900, of the Superior Court of PITT County. From a judgment for the defendants, the plaintiff appealed.

*Fleming & Moore,* for the plaintiff.

*Shepherd & Shepherd,* and *Gilliam & Gilliam,* for the defendants.

CLARK, J. There was a radical change in the system of sales of realty for non-payment of taxes by the statute of 1887, chapter 137. That statute, which follows similar legislation, which under the pressure of the same necessity has been enacted in other States, has been fully and definitely construed by this Court in *Peebles v. Taylor,* 118 N. C., 165; *Sanders v. Earp, Id.,* 275; *Moore v. Byrd, Id.,* 688; *Powell v. Sikes,* 119 N. C., 231; *Lyman v. Hunter,* 123 N. C., 508, and many similar cases. We do not call in question what the Court has deliberately said and so often repeated in those cases. But the point here presented is an entirely different one.

In the original act of 1887, which is very nearly a copy from the reformed system prescribed for tax sales in Nebraska, there was a salutary provision (section 69) which required that the purchaser of lands at tax sales, or his assignee should, three months before the expiration of the time of redemption, serve a written or printed notice of his purchase on the person in actual possession of the land and also on the person in whose name the land was assessed. This provision was omitted in the acts regulating the sale of land for taxes in 1889, 1891, 1893 and 1895. Attention having been called to the omission by this Court in *Sanders v. Earp, supra,* this clause was re-inserted by chapter 169 of the act of 1897, in which it constitutes sections 64 and 65. Section 64 provides: "Hereafter no purchaser, etc., shall be enti-

tled to a deed, etc., until" the notice above prescribed shall have been served. Section 65 provides: "Every such purchaser, etc., before he shall be entitled to a deed shall make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance," and further requiring presentation of said affidavit and its filing and recording which "shall be *prima facie* evidence that such notice had been given," prescribing penalty for false swearing and fees for the register. Thus these matters are made conditions precedent, but in this case the plaintiff offered no proof thereof, not even the *prima facie* proof prescribed.

The act of 1897, chapter 169 (under which the land was sold for taxes), provides in section 69 that the deed made by the sheriff shall be presumptive evidence of certain things and conclusive evidence of certain others. In the former class is "(7) That notices had been served and due publication had before the time of redemption had expired."

The plaintiff contends that this section applies to the conditions precedent in sections 64 and 65, which had been just reinserted, but this clause, section 69 (7), had been in the previous acts, 1889 to 1895, inclusive, which did not contain any clauses corresponding to the new sections 64 and 65. For which reasons and from the context, we think the notices and publication presumed under section 69 (7) to have been given are those required of the Sheriff by section 51 of said act, but the notices required with so much particularity to be given by the purchaser, under the new sections 64 and 65, must be proven by him. Why provide that the affidavit duly filed and recorded shall be *prima facie* evidence of the service of these notices by the purchaser if the deed is presumptive evidence of such fact? Till these last requirements the presentation of the tax deed in evidence, made out a *prima facie* case for the purchaser. By the above sections

the General Assembly saw fit to require the conditions precedent therein named in addition to the deed, which last, upon proof of compliance with the said conditions, becomes as before, evidence presumptive, or conclusive (as the case may be), of the various matters recited in section 69 of said act.

When the deed, after proof of compliance with said conditions precedent required by sections 64 and 65, is put in evidence, then before the defendant can defend he must show that the taxes had been paid by him before the sale, *Moore v. Byrd, supra,* and such deed would be good against a mortgage recorded before the sale. *Powell v. Sykes, supra.*

The General Assembly has remained absolutely satisfied of the necessity for the changed policy as to sales of land for taxes introduced by the act of 1887, for each General Assembly since has substantially reenacted that act from 1887 down to the present. But the legislature of 1897 evidently felt that the omission of the provision (which was in the act of 1887) prescribing that the above notices should be served by the purchaser had worked a hardship and left the owner of land (especially when the land was rented out) insufficiently protected. The above sections having been inserted must be given the effect so evidently intended.

Upon a reasonable and just construction of section 69 of said chapter 169, Laws 1897, the Sheriff's deed for land sold for taxes is presumptive or conclusive evidence, as the case may be, that the duties required of public officers in such respect have been complied with, but it does not make the Sheriff's deeds either presumptive or conclusive evidence that the purchaser at the tax sale, a private citizen, has performed the duties which the law required of him before he becomes entitled to such deed. The conditions precedent required by sections 64 and 65 must be proven outside

of the deed and as the plaintiff offered no such evidence the court properly rendered judgment that the plaintiff, upon the evidence, could not recover.

The exception taken by defendant to the admission of testimony could not be considered, for the reason that the defendant did not appeal. *Howe v. Hall,* at this term.

Affirmed.