MATTHEWS v. FRY.

(Filed May 25, 1906).

*Taxation—Sales for Taxes—Sheriff's Deed—Validity—Presumptions — Notice by Sheriff — Notice by Purchaser — Affidavit.*

1. Under Acts 1897, chapter 169, the sheriff's deed is only presumptive evidence that the notice to the owner or delinquent taxpayer has been given, and the publication made as required by section 51, but the notices required to be given by the purchaser under sections 64 and 65 must be proved by him.

2. Where the evidence shows that the sheriff failed to serve notice on the delinquent taxpayer as required by section 51 of chapter 169, Acts 1897, the presumption arising from the sheriff's deed is rebutted and the purchaser at the tax sale acquired no title.

3. Under Acts 1897, chapter 169, sections 64 and 65, requiring a purchaser at a tax sale before receiving the sheriff's deed to make affidavit showing certain facts as to notice, the making of a proper .affidavit is a condition precedent to the right to call for the deed, and where the purchaser did not comply with the statute, he acquired no title by the deed.

ACTION by John G. Matthews against A. M. Fry and another, heard by *Judge Walter H. Neal* and a jury, at the Fall Term, 1905, of the Superior Court of SWAIN.

Plaintiff sued to recover a tract of land in the possession of defendant. He introduced a grant from the State and connected himself with it by mesne conveyances. The defendant admitting that plaintiff was once seized of the land, claims that his title was divested by a tax sale and deed, under which he has acquired the title formerly belonging to the plaintiff. The land was not listed for taxes in 1898, and in 1899 the county commissioners ordered it to be placed on the tax books and double taxed. It was entered for taxation on the sheriff's book, but not on the book in the office of the register of deeds. It was ordered to be entered and assessed for taxation in the name of John G. Eve a former owner, and not in the name of plaintiff, and an order to show cause was directed to be issued to Eve, who, it appears, was dead at the time. The order was, of course, never issued and served. The entry of the land on the sheriff's book was made on the 4th day of April, 1899, and the land was sold on the 1st day of May, 1899, just 26 or 27 days after the entry was made on the tax book. It does not appear that the sheriff gave any notice of the sale by publication or otherwise, either to the plaintiff, who was the owner at the time, or to the public. The entire tract of 640 acres was sold for $8.68, but the sheriff conveyed only 639 acres to the defendant, who was the purchaser. Defendant filed with the sheriff an affidavit which, he alleges, complied with the requirements of sections 64 and 65 of chapter 169 of the Public Laws of 1897, under the provisions of which the land was listed and sold for taxes. In that affidavit defendant states that more than three months before the expiration of the time of redemption allowed by law, he caused a notice to be published for four successive weeks in a newspaper in Bryson City, setting forth therein the facts as to

his purchase and the other facts required to be stated, and that "the first insertion of said notice was made not more than five months and the last insertion not more than three months before the time of redemption expired." Plaintiff testified, and the judge so found, that he did not know the land had been assessed in Swain County, as he thought it was located in Macon County, and did not know of the sale. He offered to pay the defendant all the taxes and interest and also $100 rather than have a law suit, and told defendant that he did not think he should try to hold the land, as he had an equity in it and had not tried to avoid payment of the taxes. The parties waived a jury trial and agreed in writing that the judge should find the facts and enter judgment thereon as, upon the facts, he might decide the law to be. We have made the above statement from His Honor's finding. Judgment was given for the defendant and the plaintiff appealed.

*Dillard & Bell* for the plaintiff.

*Jones & Johnston* and *Shepherd & Shepherd* for the defendant.

WALKER, J., after stating the case: The case turns upon the construction of section 51 and sections 64 and 65 of chapter 169 of the Acts of 1897, the sale having been made and the deed of the sheriff to the defendant having been executed under the provisions of that act. It is required by section 51 that before any real estate shall be sold for taxes, the sheriff shall personally serve notice of such sale on the delinquent taxpayer or his agent at least thirty days before such sale, if the defendant resides in the State. If he is a non-resident, the sheriff is required to notify him by mail and also by publication in a newspaper in his county once a week for four consecutive weeks preceding the sale, and, if there is no newspaper in the county, then by a like notice for four successive weeks by posting the same on the door of the court house of the county. Provision is made for the form of notice. According to the construction placed by this

court on section 69, sub-section 7, of chapter 169 of the afore-said act, the sheriff's deed is only presumptive evidence that the notice to the owner or delinquent taxpayer has been given and the publication made as required by section 51. In *King v. Cooper,* 128 N. C., 347, the present *Chief Justice* assigns the reasons for this interpretation of the act and says: "For which reasons and from the context, we think the notices and publication presumed under section 69 (7) to have been given, are those required of the sheriff by section 51 of said act, but the notices required with so much particularity to be given by the purchaser, under the new sections 64 and 65, must be proved by him."

That case correctly interprets the statute and is now ap-proved and followed by us. It settles the meaning of the law as thoroughly as if it had been expressed in the statute with the same clearness and conclusiveness as it is stated by the court in the language quoted. It is not liable to mis-construction nor is it a matter of doubt. Its true meaning can no longer be questioned, if we are to respect at all the salutary doctrine of *stare decisis.* Tested by this rule, that the sheriff's deed is only presumptive evidence of his com-pliance with the provisions of section 51, which requires the sheriff to serve notice on the delinquent taxpayer, the defend-ant has acquired no title to the property by his purchase, as the sheriff failed to serve the notice. The judge finds as a fact that the land was listed for taxation, that is, entered on the book, on April 4, 1899, and was sold on May 1, 1899, less than twenty-eight days after it was listed, the length of notice being four weeks or twenty-eight days. *Early v. Doe,* 16 How. (U. S.), 610. So that it was impossible for the sheriff to give the required notice, and in this connection the judge further finds as follows: "It does not appear that the sheriff gave any notice by publication or otherwise of the sale, either to the owner or to the public." The presumption arising from the deed is therefore rebutted. The reasons and

the necessity for such a notice are fully stated and sustained by cogent argument and the citation of many authorities in 1 Blackwell on Tax Titles (5 Ed.), sec. 398, and note 1. "The publication of notice to taxpayers, required by tax laws, is an indispensable preliminary to the legality of a tax sale, and it must be made in strict accordance with the statutory requirement." *State v. Newark,* 36 N. J. Law, 288; *Farnum v. Buffum,* 4 Cush., 260; *Early v. Doe, supra.* In this respect a distinction is made between a sheriff's sale under an ordinary execution and one under a tax assessment. 1 Blackwell, *supra,* sec. 397; *Early v. Doe, supra.* Section 51 seems to have been drawn with reference to this distinction, for the language used is appropriate to create a condition precedent. That such notice to the delinquent is essential was expressly decided in *Hill v. Nicholson,* 92 N. C., 24. There, it is true, a mortgagee claimed the right to be notified, and it has been held since that, when the sale is sufficient to pass the title as to the mortgagor, it will also conclude the mortgagee. *Exum v. Baker,* 115 N. C., 242; *Powell v. Sikes,* 119 N. C., 231; *King v. Cooper, supra.* But we cite the case of *Hill v. Nicholson* only for the principle that the notice is essential and must be given to the owner or delinquent, who, in the case of a mortgage, would be the mortgagor, and in this case the plaintiff. It would seem that the statute, as construed in *King v. Cooper, supra,* by making the sheriff's deed only presumptive evidence that the notice was given, itself recognizes that the service of the notice is an "essential prerequisite to the validity of the sale." Subdivisions 8 and 10 of section 69, which were relied on by the defendant, are to be read in connection with the other subdivisions and construed wth reference to those subdivisions. Any other construction would produce a conflict between the first seven subdivisions and subdivisions 8 and 10. Indeed subdivision 10 is expressly made subject to the first seven subdivisions.

But we think that the affidavit of the defendant is not in

compliance with sections 64 and 65. It is there required that the notice shall be inserted in the newspaper three times, the first publication to be not more than five months and the last not less than three months before the time of redemption will expire, that is, the delinquent must have at least three months notice and time to redeem after the publication is completed. It is stated in the affidavit that more than three months before the expiration of the time of redemption, the defendant 'caused the notice to be published in a weekly paper for four successive weeks. "The first insertion of said notice in said paper was made not more than five months and the last insertion not more than three months before the time of redemption expired." If by the first part of the affidavit it was intended to say that the notice was published for four successive weeks and that the last publication was more than three months before the time for redemption expired, then it cannot be reconciled with the other statement that the last insertion was "not more than three months" before the expiration of the said time. But if it was intended to state that the publication was commenced more than three months before the expiration of the period of redemption and continued for four successive weeks, which is likely, it would certainly not be a sufficient allegation under the statute. It is probable that the affidavit does not set forth what was really intended, but it is impossible for us to say that it is a compliance with sections 64 and 65, as it does not clearly state the facts. Where it is said that "the last insertion was not more than three months before the time of redemption expired," the affidavit does not by any means negative the idea that the last publication was made less than three months before the expiration of the time, and yet the statute requires it to appear affirmatively from the affidavit that the last publication was not made within the three months. Perhaps the affiant intended to say "not less than three months" instead of "not more than three months;"

but we must decide the case upon the record as it is. Our conclusion is that the affidavit, being radically defective, was not *prima facie* evidence that the requisite notice had been given, and, besides, as the making of a proper affidavit was a condition precedent to the defendant's right to call for a deed, with which he has not complied, he has not acquired title to the land. There are other irregularities, but they need not be specially considered.

Reversed.