G. R. WARREN v. J. S. WILLIFORD.

(Filed 21 October, 1908.)

1. **Deeds and Conveyances—Title—Common Source—Rule of Convenience.**

When both parties to an action for the possession of land claim title from a common source, the plaintiff is not required to show title out of the State.

2. **Same—Evidence—Superior Title.**

When both parties to an action for the possession of land claim title from a common source, one of them is not estopped to show a superior outstanding title, provided he connects himself with such title.

3. **Same—Tax Deed—Instruction.**

When a party to an action for possession of land introduces deeds for the purpose of showing legal title in himself, and also a tax deed held by the defendant to the land, for the purpose of impeaching it, which shows title from a common source with him, it is not error in the trial Judge to instruct the jury that the ownership of the land depends upon the validity of the tax deed.

4. **Deeds and Conveyances—Tax Deeds—Validity—Presumptions—Burden of Proof.**

One relying upon a tax deed for title to lands must show that the statutory requirements necessary to the validity of the deed have been met, for there is no legal presumption in favor of the validity of the deed otherwise than the statute provides.

ACTION tried before *W. R. Allen, J.,* and a jury, at December (Special) Term, 1907, of SAMPSON.

This action is prosecuted by plaintiff to recover possession of the land described in the complaint and to have a tax deed held by defendant declared invalid. The plaintiff, by deeds duly recorded, showed title in R. G. Williford. He then showed a mortgage from R. G. Williford and wife to L. J. Best to secure the payment of an indebtedness of $220; a deed from Best to Tew reciting a consideration of $250, and a deed from Tew to plaintiff, dated 2 January, 1905. It was admitted that on 25 February, 1905, Best transferred and assigned to plaintiff the mortgage from Williford. Plain-

tiff instituted an action, 25 April, 1905, in the Superior
Court of Sampson County against R. G. Williford and wife
and J. S. Williford, the present defendant. The purpose of
said action was the foreclosure of the mortgage from R. G.
Williford to Best and to cancel a tax deed which the Sheriff
had executed to defendant, J. S. Williford. At the April
Term, 1906, defendant, R. G. Williford, having failed to file
an answer, plaintiff took judgment by default against him,
adjudging a sale of the land for the purpose of foreclosing
the mortgage. F. R. Cooper was appointed commissioner to
make sale. Plaintiff introduced a deed from Cooper, com-
missioner, to him, dated 31 September, 1906, duly registered.
Plaintiff, for the purpose of attacking and impeaching it,
and as estoppel, introduced a tax deed made by J. M. Marsh-
burn to J. S. Williford. This deed was delivered 19 January,
1903. Defendant purchased the land at a sale made for the
collection of taxes due by R. G. Williford; the sale was made
31 December, 1901. Plaintiff then read in evidence, over
defendant's exception and objection, the evidence of defendant
taken before the Clerk, 14 January, 1907, upon notice, etc.
The material parts of this testimony show that defendant is
the brother of R. G. Williford, who left the State during the
month of November, 1901. He says: "I wrote my brother,
R. G. Williford, in Virginia, the latter part of 1902 or the
first of 1903, that I had bought the land at the tax sale. I
never wrote to anyone else about it.   *   *   *   L. J. Best
tendered me the money that I paid out for the land about the
first of April, 1902. He said he would pay the taxes on it if
I would tell him how much it was. I told him I did not
remember how much it was then. I told him to send the
money to the Clerk's office and I would send down the certifi-
cate. He never sent the money, that I know of. I never pub-
lished any notice in any newspaper regarding or concerning
the purchase of this land at the tax sale. It was generally
reported that R. G. Williford left the State about the first

of November, 1901, but I do not know this of my own knowledge." A newspaper was published at Clinton, in Sampson County. Defendant says that he never published any notice in that or any other paper, nor posted any notice at the courthouse door, concerning the tax sale or his purchase. He never made any affidavit relating to the sale or the purchase. It appears that at the time of the trial no answer had been filed.

It was agreed that the allegations in the complaint should be treated as denied and that defendant could file his answer thereafter. It was understood that the title to the land depended upon the validity of the tax deed, but no restriction was placed upon the right of the defendant to set up any defense in his answer when filed. The usual issues were submitted, without objection, regarding the title to the land and amount of taxes paid by defendant. After the trial the defendant, among other defenses, set up in his answer the statute of limitations. No issue was tendered or submitted upon that defense. The court explained to the jury that the ownership of the land depended upon the validity of the tax deed, and, among other things, charged the jury that if they found from the evidence that the defendant did not file the affidavit (explaining its requirements) provided by sections 63 and 64, chapter 15, Laws 1899, the said tax deed was not valid. Defendant excepted. Verdict for plaintiff. Defendant moved for new trial, assigning errors. Motion denied. Defendant appealed.

*F. R. Cooper* and *Faison & Wright* for plaintiff.
*George E. Butler* for defendant.

CONNOR, J., after stating the case: The defendant abandons in his brief the exception to the introduction of his deposition or examination taken before the Clerk. The first exception, therefore, is to his Honor's charge that the plain-

tiff's right to recover depended upon the validity of the tax deed under which defendant claimed title. He says that plaintiff has not shown title out of the State. In view of the pleadings and the chain of title introduced, it appears that both plaintiff and defendant claim under R. G. Williford. This, under the well-settled rule of practice, sometimes called an estoppel on the defendant to deny the title of the common source, relieves the plaintiff of showing title out of the State. This rule of practice has been recognized and followed in this State too long to require discussion. The plaintiff, therefore, having shown a chain of title from R. G. Williford for the purpose of relieving himself of the necessity of showing title out of the State, introduced the deed from the Sheriff to defendant, showing that he also claimed under Williford. This is a common and well-settled practice in the trial of actions of ejectment in this State. The defendant is not estopped to show that he has the better title, notwithstanding the deed from the common source. The only effect of the rule is to dispense with the necessity on the part of plaintiff of showing a grant or thirty years' possession to take title out of the State. The parties are thus brought to issue as to which has the superior title. Plaintiff showed a mortgage from R. G. Williford to Best, thus putting the legal title in him; a deed from Best to Tew, and from Tew to himself. This would have entitled plaintiff to recover against the mortgagee or any person claiming under him. The proceeding to foreclose, followed by the sale and deed from Cooper, commissioner, was not essential to plaintiff's legal title. Its only effect was to cut off R. G. Williford's equity of redemption. It is too well settled in this State to require discussion that the mortgagee is the owner of the legal title and may maintain an action to recover the possession of the land. The plaintiff, having shown the tax deed, unless invalidated by extraneous evidence, put the title in defendant, and he could not recover unless he showed that it was invalid. His Honor,

therefore, correctly told the jury that plaintiff's right to recover depended upon the validity of the tax deed. This again depended upon the effect of defendant's failure, as admitted by himself, to comply with the provisions of sections 63 and 64, chapter 15, Acts 1899, that statute being in force when the sale was made. It is true, as contended by defendant, that the lien for taxes was superior to the mortgage, and if the land was advertised and sold, and purchased by defendant, and he complied with the provisions of the statute and took a deed, his title, thus acquired, would be superior to plaintiff's. The only respect in which the deed is attacked is his failure to comply with sections 63 and 64, chapter 15, Laws 1899. These sections provide that "no purchaser of land sold for taxes shall be entitled to a deed for the land" so purchased "until the following conditions shall be complied with." The conditions, upon the performance of which such purchaser shall be entitled to a deed, are that he shall serve upon the person in the actual possession and also the person in whose name the land is listed for taxation, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of redemption on such sale, a notice containing the information prescribed by the statute. If no one be in possession, and the person in whose name the land was listed for taxation cannot be found, the purchaser is required to publish the notice in some newspaper, etc. Section 64 provides that before he shall be entitled to a deed such purchaser shall make an affidavit that he has complied with the provisions of section 63; that said affidavit shall be delivered to the Sheriff, and by him delivered to the Register of Deeds, who shall register the same, and file it with the records of his office. This Court, in *King v. Cooper*, 128 N. C., 350, held that these "conditions precedent" must be proven outside of the deed, and in the absence of such proof the purchaser acquired no title. There is no presumption that he has done so. *Mat-*

*thews v. Fry,* 141 N. C., 582. His Honor was manifestly correct in his instruction to the jury. The defendant not only failed to show that he had failed to comply with the condition precedent entitling him to a deed, but expressly admitted that he had not done so.

The defendant makes further exception to his Honor's charge, for that it does not appear that he or the one under whom he claimed had title to the property at the time of the sale. Several answers may be made to this. Plaintiff showed a deed from S. W. Williford to R. G. Williford, dated 16 July, 1895, and registered 31 December, 1904. The land was sold for taxes 31 December, 1901. Defendant says that until the registration of the deed R. G. Williford had no title. This is a misconception of the registration act. The title vests, as against the grantor and all others except "creditors and purchasers for value," from the delivery of the deed. We do not think that this case comes within the language of section 20, Laws 1901. It is true that, construing this section, this Court said in *McMillan v. Hogan,* 129 N. C., 314: "The taxes due must be paid, which the law requires as a condition precedent to contesting the title carried by the deed by authority of the statute." The defendant, having obtained his deed in violation of the express terms of the statute, acquired no title. As was said by *Walker, J.,* in *Matthews v. Fry, supra,* "As the making of a proper affidavit was a condition precedent to the defendant's right to call for a deed, with which he has not complied, he has not acquired title to the land." The deed was simply void, and defendant was not entitled to avail himself of the provisions of the statute intended to protect purchasers at tax sales. This disposes of the exception in regard to the statute of limitations. The plaintiff, having shown that he held the title of R. G. Williford, was entitled to recover. The judgment must be

Affirmed.