W. L. JONES v. JAMES M. SCHULL et al.

(Filed 30 November, 1910.)

1. **Tax Deeds — Unlisted Lands — Record Evidence — Notice — Exsheriff—Interpretation of Statutes.**

In an action to try the title to certain lands in the possession of the defendant claiming as purchaser under a tax deed made under ch. 119, Acts of 1895, which the plaintiff, showing paper title in himself, seeks to impeach.  *Held*, (1) evidence on behalf of defendant is competent to show that the lands were not listed for the years 1893-4, and that the chairman of the board of county commissioners had for those years caused the property to be listed in the name of the supposed owners, charging against the property double the ordinary charges (sec. 29, ch. 296, Acts 1893) ; (2) the Acts of 1897, prescribing that notice be given the owners, is prospective by its terms, and as it was effective only one month before the time for redemption had expired, the three months' notice could not have been given, and its provision is inapplicable to this case; (3) the tax deed was made in the statutory time, and the fact that it was made by an ex-sheriff does not affect its recitals, Revisal, sec. 950; (4) the right of the owner to redeem his land sold for taxes exists only in conformity with the statutory provisions.

**2. Tax Deeds—Infants—Redemption—Interpretation of Statutes.**

Section 60, ch. 119, Acts of 1895, providing that infants, etc., may redeem their lands sold under a tax sale within "one year after the expiration of the disability on like terms as if the redemption had been made within one year from the date of the sale," etc., is not available to such minors who make no offer to redeem within the time given them by the statute after reaching their majority or for several years thereafter.

**3. Tax Deeds—Recitals—Evidence—Presumptions.**

On the conclusiveness of a tax deed made in 1895 as evidence of certain facts, and presumptive evidence of others, *Eames v. Armstrong*, 146 N. C., 1; *King v. Casper*, 128 N. C., 347; *Matthews v. Fry*, 141 N. C., 582, are cited and approved.

APPEAL from *Webb, J.,* at the Spring Term, 1910, of WA-
TAUGA.

This action was brought to try the title to certain lands described in the complaint and in the possession of the defendants, Schull and Gragg. During the trial a voluntary nonsuit was taken as to all the defendants except the two above mentioned. The plaintiffs, after making the usual allegations of title and right of possession in them as the heirs at law of W. C. Jones, whom it is alleged died in 1894 siesed and possessed of the land, further allege that the defendants claim title under a tax deed executed to them by the sheriff of Watauga County and allege that the said deed is invalid (1) because the land was not listed for taxes and was not assessed for the year for which it was sold, (2) that no notice of sale was seryed upon plaintiffs or upon any one representing them, (3) that no advertisement of said land was made, (4) that no notice to redeem was given or served upon the plaintiffs or any one on their behalf, (5) that several years elapsed between the date of the sale and the date of the deed, (6) that the sheriff making the sale was not the sheriff at the time the deed was made, (7) that the plaintiffs, heirs at law of W. C. Jones, were at the time of the sale and the date of the sheriff's deed *femes covert* or minors. The defendants denied the allegations of title in the plaintiffs and averred the regularity and validity of the sheriff's deed to the defendant Schull—the other defendant claiming under him. The plaintiffs offered a grant from the State, dated 10 August, 1883, to W. C. Jones

and Robert Munday covering the land in controversy; a deed from Munday to Jones for his share in the land; the death in 1894 of Jones and that the *feme* plaintiffs were his heirs at law. The defendants offered the deed from D. F. Baird, ex-sheriff of Watauga County, to J. M. Schull, dated 10 March, 1899; this deed recited the assessment of taxes on the land, describing it;˙ the non-payment of the taxes assessed; the levy on the land for unpaid taxes; the return of the list of levies to the clerk of the Superior Court; the advertisement and notice of sale as required by law; the sale at the courthouse door on 6 April, 1896, and the purchase by Schull, the payment of the amount by him and the failure to redeem. The minutes of the Board of Commissioners of Watauga County at their regular meeting on 7 October, 1893, were offered, showing that the property of a number of persons, including the land in controversy, was listed and double taxes assessed against it for failure of the owners to list, and order passed directing the sheriff to collect the double taxes; also a similar order made 5 October, 1894, which his Honor excluded, and defendant excepted. The defendants offered D. F. Baird, ex-sheriff, who testified, among other things, that the order of the commissioners was delivered to him by the register of deeds; that he advertised and sold the land as recited in his deed to Schull, having pursued the legal requirements, that certificate of sale was dated 6 April, 1896, and was offered in evidence; that he notified the husband of one of the plaintiffs, in whose name for all of them the land was assessed, of the non-payment of taxes, that the land had been sold and that unless it was redeemed, he would make the deed to Schull. The defendant Schull testified that he wrote one of the heirs at law that the land had been sold for taxes and he had bought it. At the conclusion of the evidence, his Honor stated that he would hold as a matter of law that the deed from D. F. Baird, ex-sheriff, was invalid and did not divest the title of plaintiffs, and accordingly instructed the jury that if they believed the evidence, to answer the issue of title in favor of the plaintiffs. The defendants excepted, and from the judgment rendered, appealed to this Court.

No counsel for plaintiffs.
*L. D. Love* and *F. A. Linney* for defendants.

MANNING, J. We think the ruling of his Honor was erroneous. It was competent to show that the land in controversy had not been listed by the owners for the tax years 1893 and 1894, and that the chairman of the board of commissioners had inserted in the list such property as had not been listed by the owners, with the names of the persons supposed to be liable, and to charge against such property double the tax with which it would otherwise be chargeable. The orders of the board of commissioners entered on the first Mondays of October, 1893 and 1894, were, therefore, competent, and it became the duty of the sheriff to collect the taxes assessed against the land in controversy—the legal tax embracing the double charge for failure to list. Sec. 29, ch. 296, Public Laws 1893. It was error to exclude this evidence. It appears that two of the plaintiffs were minors at the death of their father, W. C. Jones, in 1894, and that they were still minors at the date of the sale and deed by the sheriff. Sec. 60, ch. 119, Acts 1895, the act in force at the time the sale for taxes was made, provides: "Infants, idiots and insane persons may redeem any land belonging to them from such sale within one year (after the expiration of such disability on like terms as if the redemption had been made within one year) from the date of said sale, etc." But it appears from the evidence that these two minors did not avail themselves of this provision in their favor, for no offer to redeem was made within the year after they attained their majority; nor for several years thereafter, and only in the complaint filed in this action. In *McMillan v. Hogan,* 129 N. C., 314, this Court said: "In the United States Supreme Court (*Keeley v. Sanders,* 99 U. S., 441, 445), it is held that the right of redemption from tax sales, although it is to be regarded favorably, does not exist, except as permitted by statute. The same is held in *Levi v. Newman,* 130 N. Y., 11; *Smith v. Macon,* 20 Ark., 17; *McGee v. Bailey,* 86 Iowa, 513; *Metz v. Hipps,* 96 Pa. St., 15." Cooley on Taxation (1 Ed.), 364, cited by the Court, is to the same effect, the author saying the right to redeem "is to be asserted only in the cases and under the circumstances which are there prescribed." All the plaintiffs, therefore, are on the same footing and their rights are to be determined alike. The tax sale and deed, the validity

of which is impeached in this action, were made under provisions of the Act of 1895, ch. 119. In *King v. Cooper,* 128 N. C., 347, this Court said: "In the original act of 1887, which is very nearly a copy from the reformed system prescribed for tax sales in Nebraska, there was a salutary provision (sec. 69) which required that the purchaser of lands at tax sales, or his assigns, should three months before the expiration of the time of redemption, serve a written or printed notice of his purchase on the person in actual possession of the land, and also on the person in whose name the land was assessed. This provision was omitted in the acts regulating the sale of land for taxes in 1889, 1891, 1893 and 1895. Attention having been called to the omission by this Court in *Sanders v. Earp,* 118 N. C., 275, this clause was reinserted by chapter 169 of the Act of 1897, in which it constitutes sections 64 and 65." And it is further held in that decision that where such written or printed notice is required to be proven, it must be proven by the purchaser as a condition precedent, and there is no presumption arising from any provision of the law that such notice was given as required. This case has been expressly approved in *Matthews v. Fry,* 141 N. C., 582; *Eames v. Armstrong,* 146 N. C., 1; *Warren v. Williford,* 148 N. C., 474. Conceding there was no evidence that such notice was given as required by sec. 64, ch. 169, Acts of 1897, no such notice was required by the Act of 1895, and the section of the Acts of 1897 was, by its terms, prospective only. But as that act went into effect only one month before the time for redemption had expired, even if the act were not exclusively prospective in its operation, the purchaser—the defendant Schull—could not have complied with its provisions; he could not have given the prescribed *three* months notice before the time of redemption had expired. The statute must be construed to be prospective in its operation unless the contrary intention be clearly expressed therein. *Woodly v. Bond,* 66 N. C., 396; *S. v. Littlefield,* 93 N. C., 614; *Green v. Asheville,* 114 N. C., 678; *Lowe v. Harris,* 112 N. C., 472; *Morrison v. McDonald,* 113 N. C., 327. The execution of the deed by Baird as ex-sheriff does not affect its validity or the effect of its recitals, the deed having been made in the statutory time. Revisal, sec. 950;

*Curlee v. Smith,* 91 N. C., 172; *Mfg. Co. v. Rosey,* 144 N. C., 370. The other questions presented have been so fully considered and determined by this Court in several decisions, no further discussion of them is required; the citation of the cases is sufficient. *Eames v. Armstrong,* 146 N. C., 1; *Matthews v. Fry, supra; King v. Cooper, supra,* and cases cited. It will appear from those cases and from the act in force that the tax deed was conclusive evidence of certain facts and presumptive evidence of others. His Honor should have so instructed the jury. In the instruction given, there was error, for which a new trial must be had.

New trial.