This is an action by plaintiffs against defendants, and the prayer of plaintiffs is "that the defendants be required to set up and exhibit their alleged claim of title; that the same be declared to be a cloud upon the title of these plaintiffs to said land, and as such removed and declared void." C. S., 1743.
On 16 February, 1886, the State of North Carolina issued to A. T. Davidson and T. D. Bryson grants for certain lands situate in District No. 5 of Cherokee County, N.C.
(1) Grant No. 7568, Entry No. 947, describing the land by metes and bounds, containing 70 acres. Entered 1 June, 1853.
(2) Grant No. 7569, Entry No. 100, describing the land by metes and bounds, containing 200 acres. Entered 12 March, 1883 (1853). *Page 92 
(3) Grant No. 7570, Entry No. 99, describing the land by metes and bounds, containing 331 acres. Entered 12 March, 1883 (1853).
(4) Grant No. 7571, Entry No. 2851, describing the land by metes and bounds, containing 200 acres. Entered 22 April, 1854.
All of the grants were duly registered.
One of the grantees, Col. T. D. Bryson, died in 1889 and left three children surviving him, the plaintiffs in this action: (1) Judge T. D. Bryson, (2) Dr. D. R. Bryson, (3) Mrs. Mary G. Bryson, who married W.H. Tipton, who claim to be the owners of one-half interest in the tracts of land above mentioned.
The parties to the controversy admitted (1) none of the plaintiffs, Brysons, or their sister ever lived in Cherokee County, N.C.; (2) that no one has been in the actual possession of the lands in controversy within the last twenty-five years; (3) that Judge T. D. Bryson is not a resident of Cherokee County, but is a resident of Swain County.
Defendants deny that Judge T. D. Bryson, Dr. D. R. Bryson and Mrs. Mary G. Bryson are the owners of one-half interest in the lands, but claim that they own the one-half interest; that J. E. McCoy, their ancestor, purchased said land for taxes at a public tax sale on 7 May, 1906; that all the laws in reference to sale of land for taxes have been complied with and sheriff's deed regularly made to their ancestor fully describing the land, and they are now the owners. The defendants further set up a claim for taxes paid on the land since the purchase of the land at tax sale by their ancestor, said taxes paid by their ancestor J. E. McCoy, P. E. Nelson, his administrator, and the defendants, his heirs at law. They pray that if the tax title should be defective, the taxes so paid out be declared a lien on the land, and that a commissioner be appointed to sell the land to pay said taxes.
The land was sold under the following advertisement:
"DELINQUENT TAX SALE.
"North Carolina — Cherokee County.
"The undersigned tax collector will sell on Monday, 7 May, 1906, at the courthouse door in Murphy, to the highest bidder for cash, at public outcry the following lands upon which taxes for the year 1905 have not been paid, the same being listed for taxation in the name and for the amount given below, with costs in each case, to wit:
"Beaverdam Township.
Name Acres Amount
 T. D. Bryson heirs (many 400 10.00 others not pertinent).
"(Signed) T. N. BATES, Sheriff and Tax Collector." *Page 93 
Extracts from tax list of 1905 for Beaverdam Township, Cherokee County, referring to the listing of the lands in suit for taxation:
"18. T. D. Bryson Heirs, 400 acres, 800. valuation, Aggregate value of Real Estate 800. Value of real estate and personal property 800," etc.
The land was valued at $800, and purchased by the defendants' ancestor, J. E. McCoy, for $10.00.
The issues submitted to the jury and their answers thereto were as follows:
"1. Are the plaintiffs, the heirs at law of Col. T. D. Bryson, the owners of the land described in their complaint filed in this action as alleged? Answer: No.
"2. Is the tax deed set out in the complaint a cloud upon the title of plaintiffs to the land described in the complaint, as alleged? Answer: No."
At the close of all the evidence the court below instructed the jury that if they believed the evidence to be true, as testified to by the witness to answer the first issue No, and the second issue No, which was done by the jury.
Plaintiffs made numerous exceptions and assignments of error, and appealed to the Supreme Court. The only one necessary to be considered: "The court erred in directing the jury to answer the first issue No, and the second issue No."
The court below instructed the jury that if they believed the evidence to be true as testified to by the witnesses to answer the first issue No and the second issue No. In this we think there was error. The instruction should have been the reverse. The main question in the case, and the only one necessary for the determination is the question as to whether the land was listed properly and definitely described. 
This action presents a basic, fundamental principle. Article XIV, part sec. 1, Const. of U.S., is as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Article I, sec. 17, Const. of N.C. is as follows: "No person ought to be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty or property, but by the law of the land." *Page 94 
"That the Constitution is the `law of the land,' in the sense that no act of either department of the government which violates its provisions or exceeds its powers can be enforced to deprive the citizen of his life, liberty or property, is a fundamental truth." "`The law of the land' has been construed to be synonymous with `due process of law,'" "Notice and hearing are essential to constitute `due process of law,' or `the law of the land,' and it is necessary that a party be cited and have his day in court, upon which he may appear and defend himself, his rights, or his property." "It is an inviolable principle of the common law that every one is entitled to notice, in any judicial or quasi- judicial proceeding, by which his interest may be affected." Connor and Cheshire, Const. of N.C. Anno., pp. 55, 56, 58; Markham v. Carver, 188 N.C. p. 615.
With these basic or fundamental principles well known, the Legislature of North Carolina, Public Laws 1901, ch. 558, sec. 25, enacted: "No sale of real property for taxes shall be considered void on account of the same having been charged in any other name than that of a rightful owner, if said property be in other respects sufficiently described." See Revisal of 1905, vol. 1, sec. 2894, and C. S., 8019, practically the same.
The gist of the action "if such real estate be in other respectssufficiently described."
Black on Tax Title (2 ed.), ch. 10, part sec. 208, says: "One of the most important requisites in the notice or advertisement is that it should contain an adequate and accurate description of the lands to be sold. If this is omitted, or if the description given is insufficient and imperfect, the notice is fatally defective and the tax sale void."
"The delinquent list must contain such a description of the several parcels of land that may be identified with reasonable ease and certainty, both in order that the owner may know that it is his land which is returned as delinquent and that intending purchasers may know what properties are to be offered for sale." 37 Cyc., p. 1295.
Cooley on Taxation, vol. 3 (4 ed.), part sec. 1416, says: "Notice of the sale must describe the lands to be sold. This is the most important of the usual requisites of notice of sale. The requisites for a description in the assessment roll have been given heretofore. In the notice, as in the assessment, there is precisely the same necessity that the description shall be sufficiently definite to identify the land in order that the owner may be apprised of the peril to which his interests are exposed."
The question arises: Is the land listed properly or "in other respects sufficiently described" to come within the statute founded on due processof law or the law of the land? We think, in listing and in the advertisement, the land is not sufficiently described. *Page 95 
In the present action the land was listed and described as "T. D. Bryson heirs, 400 acres, 800. valuation, aggregate value of real estate 800."
In the Notice of Sale the land was described: "Beaverdam Township — name T. D. Bryson heirs, acres 400, amount 10.00." From the record, T. D. Bryson, the ancestor of the plaintiffs, did not own 400 acres of land in Beaverdam Township. He owned an undivided one-half interest in 70 acres, in 200 acres, in 331 acres, and in 200 acres, according to the grants. The principle of Id certum est quod certum reddi potest does not apply.
In 10 R.C.L., part sec. 262, it is said: "The authorities are agreed that extrinsic evidence is admissible to explain a latent ambiguity in a written instrument." Sec. 263, in part, says: "Where the ambiguity is not latent, and raised by extrinsic evidence, but patent, or apparent on the face of the instrument, the prevailing view is that parol evidence is not admissible to explain such ambiguity. The means to be employed in the solution of the patent ambiguity are to be collected from the face of the instrument alone in which it originated; and in this service the context, and every legitimate rule of exposition, may be enlisted and used in obedience to the maxim, `Ut res magis valeat, quam pereat,' but parol testimony, or extraneous proof of any kind, is deemed to be inadmissible. When the court, having looked to the circumstances of the parties, the subject-matter of the instrument, and all proper collateral facts, remains uncertain as to what the meaning of the written words is, a patent ambiguity is held to appear, which parol evidence cannot aid." Green v.Harshaw, 187 N.C. p. 213; Douglas v. Rhodes, 188 N.C. p. 580.
The description in the listing and advertisement is a "feather on the water."
In Harris v. Woodard, 130 N.C. p. 580, the description was as follows: "The description in a mortgage of `a certain piece or tract of land, grist mill and all fixtures thereunto, and one storehouse, 28 by 100 feet long, lying and being in Brassfield Township, Granville County, North Carolina, and adjoining the lands of Anderson Breedlow, J. C. Usry, and Dora Harris, said lot to contain three acres,' there being 40 acres in the tract and nothing to segregate the three acres out of the 40 acres, is too indefinite to be a conveyance of any three acres, and the mortgage was void as to the land." The Court said, at p. 581: "The statute, Laws of 1891, ch. 465 (sec. 1 is C. S., 1763, sec. 2 is C. S., 992), applies only where there is a description which can be aided, but not when, as in this case, there is no description." Smith v. Proctor, 139 N.C. 314; Patton v. Sluder,167 N.C. p. 500; Watford v. Pierce, 188 N.C. 430; Bissette v. Strickland,191 N.C. p. 260. *Page 96 
In Cathey v. Lumber Co., 151 N.C. at p. 595, it is said: "The deed under which defendant claims does not purport to convey the whole of a described tract of land, but only a certain number of acres thereof, to wit, `324 acres of land, part of a certain tract of land composed of Nos. 3044, 3097, and 3098, in Graham County.' The boundaries of the entire tract, from which 324 acres are to be taken, are set out with exactness, and the entire tract, as stated in the deed, contains 724 acres. The deed furnishes no means by which the 324 acres can be identified and set apart, nor does the instrument refer to something extrinsic to it, by which those acres may be located. It is self-evident that a certain part of a whole cannot be set apart unless the part can be in some way identified. Therefore, where a grantor undertakes to convey a part of a tract of land, his conveyance must itself furnish the means by which the part can be located; otherwise, his deed is void, for it is elementary that every deed of conveyance must set forth a subject-matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the deed refers."
In Higdon v. Howell, 167 N.C. at p. 456, it is said: "The description in said deed is as follows: `undivided half interest in and to a certain piece, tract or parcel of land lying and being in the county (of Jackson) aforesaid, on the waters of Savannah Creek, being that covered by State Grant No. 504, containing 200 acres, more or less.' There was no further description, nor any description by metes and bounds. Grant No. 504 was a 640-acre tract, and it does not appear what 200 acres of the 640-acre tract were intended to be conveyed by this deed. This is not a conveyance of a whole tract of land, mistaking the quantity of land stated therein, but it is an attempt to convey an undivided half interest in an uncertain 200-acre tract lying somewhere within the bounds of said Grant No. 504, which was for 640 acres. The attempted conveyance is therefore void for uncertainty, even if it were valid in other respects."
The defendant cites us to what Justice Walker said in Rexford v.Phillips, 159 N.C. at p. 217. We quote, as cited: "If the owner should give a mistaken description, the irregularity may be cured by the sheriff's deed." This is only a part of what the learned Justice said. We quote the full, at p. 217: "If the owner, or any other person or officer authorized to list the property should give a mistaken description of the same, the statute provides that the irregularity may be cured, or in certain cases disregarded, if the description is sufficiently definite `for any interested person to determine what property is meant or intended by the description,' in which case the defective description may be perfected in the sheriff's deed. . . . Such a description of land as we have in this case is too vague to give to anyone notice of the land assessed for taxation; it is no description at all, as it could be applied *Page 97 
to any land in the township." The entire citation covers the position here taken — no interested person could determine "what property is meant or intended by the description."
Revisal, 2909 (C. S., 8034), cannot aid defendants. It must be construedin pari material with Rev., 5225 (C. S., 7911) as to listing property and with Rev., 2894 (C. S., 8019), supra, which distinctly says, and by clear implication implies, that the listing of the real estate is void if it is not sufficiently described. Water cannot rise above its source. It is said in Rexford v. Phillips, supra, at p. 221: "There is no substantial change in the law construed in Warren v. Williford, supra (148 N.C. 474), which expressly holds that those provisions apply only when the tax deed is valid and has passed a title, and not when, being void, it has conveyed no title. Discussing substantially the same provision, Justice Connor said, in Warrenv. Williford, 148 N.C. 479: `We do not think that this case comes within the language of section 20, Laws of 1901 (Rev., sec. 2909). It is true that, construing this section, this Court said, in McMillan v. Hogan,129 N.C. 314: "The taxes due must be paid, which the law requires as a condition precedent to contest — in the title carried by the deed by authority of the statute." The defendant, having obtained his deed in violation of the express terms of the statute, acquired no title. As was said in Matthews v. Fry, supra (141 N.C. 582), "As the making of a proper affidavit was a condition precedent to the defendant's right to call for a deed, with which he has not complied, he has not acquired title to the land." The deed was simply void, and defendant was not entitled to avail himself of the provisions of the statute intended to protect purchasers at tax sales.' Jones v. Schull, 153 N.C. 521. The same principle must apply, as the language is the same, to the subsequent provision of Rev., sec. 2909 (C. S., 8034), that the person who questions `the title acquired by the sheriff's deed' must first show that he had title to the property at the time of the sale. Eames v. Armstrong, 146 N.C. 5. Rev., sec. 2909 (C. S., 8034), corresponds with Laws of 1901, ch. 558, sec. 20, which was construed in Warren v. Williford, supra." Edwards v. Lyman, 122 N.C. p. 741; Pricev. Slagle, 189 N.C. 757; Collins v. Dunn, 191 N.C. p. 429; Dunn v.Jones, 192 N.C. 253. From a careful consideration of the action, we hold that the tax title is void.
If a purchaser at tax sale desires, he can get an unquestioned title under C. S., 8037, by foreclosing as in actions governing the foreclosure of mortgages. Price v. Slagle, supra, at p. 766; Drainage Comrs. v. Epley,190 N.C. p. 672. Under the statute, a good tax title can be obtained by sale, but the statute must be strictly followed.
No question arises in the action as to the statute of limitations or adverse possession.
For the reasons given, there must be a
New trial. *Page 98