CRAVEN COUNTY v. RICHARD PARKER and J. C. RASBERRY.

(Filed 16 November, 1927.)

1. **Taxation—Counties—Foreclosure—Sales—Notice—Statutes.**

   In an action by the county to foreclose upon the lands of a delinquent taxpayer for the nonpayment of his taxes, C. S., 8037, due for 1920, and since, the notice required by chapter 159, section 51, Public Laws of 1897, construed as a condition precedent to the sale, is superceded by C. S., 8014, requiring the sheriff before making such sale to give public notice of the time, place and cause thereof, with such other notice required by the preceding section, 8013, that the sheriff serve upon the delinquent at least twenty days before the sale of his real property, a copy of so much of the advertisement as relates to him.

2. **Same—Purchase—Title.**

   In an action by a county to foreclose upon the real property of a delinquent taxpayer, it is not required for the plaintiff to show that the sheriff had served a copy of the advertisement on the delinquent as provided by C. S., 8013, and his failure in this respect is not regarded as fatal to the maintenance of the county's action to foreclose, C. S., 8028, 8029; and, *held further*, the county, when the purchaser, is not required to make affidavit of the fact of notice given under the section 8029.

36—194

CRAVEN COUNTY *v.* PARKER.

**3. Same—Personal Property—Lands—Real Property.**

C. S., 8006, providing for the sale of the personal property of the delinquent taxpayer before that of his realty, is for the benefit of the taxpayer, and the failure of the sheriff to comply therewith does not affect the title of the purchaser at the sale under foreclosure of the realty for taxes.

**4. Same—Description of Lands—Parol Evidence.**

The description of the real property advertised to be sold by the sheriff of the county for nonpayment of the taxes of a delinquent giving his name and the number of acres "Washington Road, No. One Township," is not too vague for or uncertain to admit of parol testimony of identification, when the designated owner has but one tract of real estate in the county advertising the sale in its proceedings to foreclose.

**5. Same—Penalties—Interest—Judgments.**

In an action by the county to foreclose on the real property of a delinquent taxpayer, the statutory penalty applies, and the defendant cannot successfully maintain that before final judgment only straight interest is recoverable.

APPEAL by defendants from *Harris, J.,* at September Term, 1927, of CRAVEN.

Action to foreclose certificates of sale of real estate for taxes heard and determined upon the following facts:

1. The plaintiff is a municipal corporation of the State of North Carolina, with the power of levying taxes upon property situate therein.

2. That during the years 1920, 1921, 1922, 1923, and 1924, Richard Parker, the defendant, was the owner of said land, and J. C. Rasberry, the defendant, had a mortgage given for the purchase price upon the same. That the taxes for the year 1920 was $161.40; for 1921, $121.26; for 1922, $128.72; for 1923, $166.26, and for 1924, $164.30.

3. In 1920, the said Richard Parker listed personal property for $858.00; in 1921, for $740.00; for 1922, $680.00; in 1923 for $370.00, and in 1924 for $288.00.

4. On 1 October, 1921, Richard Parker, in whose name the land was assessed for taxes, owned personal property in excess of the sum of $161.40; that in August, 1922, Richard Parker owned personal property in excess of $121.26; that in October, 1923, the said Richard Parker owned personal property in excess of $128.72; and in October, 1924, Richard Parker owned personal property in excess of $166.20; and in December, 1925, Richard Parker owned personal property in excess of $164.30, and that the taxes now sought to be collected against the land include taxes assessed against the personal property for each year.

5. No levy was made for the taxes for 1920, 1921, 1922, 1923, or 1924, on the personal property of the said Richard Parker for the taxes then due by said Richard Parker.

6. No notice was ever served upon Richard Parker or the defendant, J. C. Rasberry, in regard to the taxes for 1920, 1921, 1922, 1923 and 1924, except the usual newspaper notice of the sale of land by the sheriff for taxes. The reference to which land in said advertisement was as follows: "Richard Parker, 250 acres, Washington Road, No. One Township," and no other description was given or notice made, and this notice was published in a newspaper published in New Bern, N. C., Craven County; that said 250 acres was the only land owned by Richard Parker in Craven County.

7. The defendant, J. C. Rasberry, then lived and now lives in Lenoir County at Kinston, N. C., and the defendant Richard Parker lived at Vanceboro, Township No. 1, Craven County, and neither the defendant Rasberry nor Parker was a subscriber to said paper, and the first notice that the defendant, J. C. Rasberry, had of any claim for taxes by the plaintiff was the issuance of the summons in this action, but repeated notices had been mailed to Parker, and one left at his home by the sheriff before the commencement of this suit.

8. The only description of the land in the certificate issued by the county following said sale was "250 acres, Washington Road," listed to Richard Parker.

9. The defendant, Rasberry, during the years in which this land was sold for taxes, and for which suit is brought, held a mortgage upon said land, and the amount due under said mortgage for which the land is the only security does not exceed the amount claimed by the plaintiff for taxes with the interest thereon.

10. The defendant, J. C. Rasberry, has tendered to the plaintiff the full amount of taxes due on said land in accordance with the record of the taxes assessed during the years and each year thereof, and in addition thereto has tendered to the plaintiff the amount of the aforesaid taxes, together with six per cent interest on the taxes from the date of sale thereof, and the plaintiff has declined and refused to accept such tender.

The court gave judgment in favor of the plaintiff for the taxes, cost of sale, interest and penalties due by the defendant Parker, owner and mortgagor, and appointed a commissioner to sell the land if not redeemed within the time specified. The exceptions are noted in the opinion.

R. E. Whitehurst for plaintiff.
Moore & Dunn and F. E. Wallace for defendants.

ADAMS, J. It is made the duty of the board of commissioners or other governing body of a county to foreclose certificates held by the

county for the sale of real estate for taxes. C. S., 8037. For this purpose the plaintiff brought suit against the defendant Parker, owner and mortgagor of the land, and the defendant, Rasberry, who is mortgagee. The only answer filed is that of Rasberry. He attacks the judgment on the ground that the sheriff failed to serve on the delinquent taxpayer a copy of the advertisement of sale as provided by C. S., 8013, and cites *Matthews v. Fry*, 141 N. C., 582, as authority for this position. That was an action for the recovery of land in which the defendant relied upon title alleged to have been acquired at a sale for the nonpayment of taxes. The decision turned on the construction of certain sections of chapter 159, Public Laws 1897. Section 51 provided that before any real estate should be sold for taxes the sheriff or tax collector should personally serve a written or printed notice of such sale on the delinquent taxpayer or his agent at least thirty days before the sale if the delinquent resided in the county. It was held that the defendant had acquired no title because the sheriff had failed to serve the notice. It was made to appear in addition that the sheriff had not given any notice of the sale by publication. Section 51 seems to have been construed as a condition precedent. But a material change has been made and the statute now reads, "Before any real estate shall be sold for taxes the sheriff shall give public notice of the time, place and cause of such sale by advertisement," etc. C. S., 8014. Other notice to the delinquent is provided for in the preceding section: "In addition to this advertisement the sheriff shall, at least twenty days before a sale of real estate for taxes, serve upon each delinquent taxpayer whose real estate is advertised for sale . . . a copy of so much of the advertisement as relates to him and his real estate." In *King v. Cooper*, 128 N. C., 347, cited in *Matthews v. Fry, supra,* it was said: "We think the notices and publication presumed under section 69(7) (Laws 1897, ch. 169) to have been given are those required of the sheriff by section 51 of the act, but the notices required with so much particularity to be given by the purchaser under the new sections, 64 and 65 (C. S., 8028, 8029), must be proved by him." Section 8029 provides that the purchaser shall make affidavit that he has complied with the preceding section; but the affidavit is not required when the county is the purchaser. It would seem to follow that in a suit to foreclose the certificate, the decision in *Sanders v. Earp*, 118 N. C., 275, and *Geer v. Brown*, 126 N. C., 238, is controlling, and that the officer's failure to serve a copy of the advertisement on the delinquent should not be construed as fatal to the action.

The appellant contends that the sale was invalid because the sheriff did not first levy upon and sell the delinquent's personal property.

CRAVEN COUNTY v. PARKER.

The statute provides that the personal property of the taxpayer shall be sold before resort can be had to his real estate, and that upon service of notice that his real estate is to be sold for taxes, it shall be incumbent upon him to point out the personal property out of which the taxes should be made. C. S., 8006. It is admitted that the notice was not given. It is argued that it was therefore not required of the defendant Parker to direct the officer to his personal property. The statute just cited was enacted primarily for the benefit of the taxpayer and not in detriment of the purchaser's title. Accordingly, it has been held that although the sheriff may be liable to the tax debtor if he sells real estate for taxes before resorting to personal property, still such failure will not affect the title conveyed by the sheriff's deed. *Stanley v. Baird,* 118 N. C., 75; *Geer v. Brown, supra; Cherokee v. McClelland,* 179 N. C., 127, 132. Moreover, the Machinery Act provides "that where actual sales of real estate are made for taxes under the general laws of the State the taxpayer whose real estate has been sold for taxes shall be precluded thereafter from attacking such sale on the ground that the tax could have been procured from personal property." P. L. 1925, ch. 102, secs. 99, 111.

The land was advertised under this description: "Richard Parker, 250 acres, Washington Road, No. One Township." That this description was indefinite is another ground upon which it is contended that the tax sale was not valid. It is admitted that this is the only land owned by Richard Parker in Craven County. The description given evidently embraces 250 acres, situated on Washington Road in Number One Township, owned by Richard Parker; and the description is sufficiently definite to sustain the certificate which the plaintiff seeks to foreclose. *Proctor v. Pool,* 15 N. C., 370; *Ritter v. Barrett,* 20 N. C., 266; *Kitchen v. Herring,* 42 N. C., 190; *Moses v. Peak,* 48 N. C., 520; *Farmer v. Batts,* 83 N. C., 389; *Blow v. Vaughan,* 105 N. C., 199; *Norton v. Smith,* 179 N. C., 553. The case of *Bryson v. McCoy* is distinguishable. There the notice of sale was "Beaverdam Township. T. D. Bryson heirs, acres 400, amount $10.00"; but T. D. Bryson's interest was a one-half interest in 70 acres, 200 acres, and 331 acres, according to the grants. In the case before us there is no such discrepancy in description, the only point being whether the land in question can be identified.

The appellant finally contends that the plaintiff in any event can recover nothing more than the taxes due and interest thereon at 6 per cent. "In every action brought under this section, whether by a private individual or by the county or other municipal corporation, or any other corporation, the plaintiff shall, except in cases otherwise provided by

law, be entitled to recover interest at the rate of 20 per centum per annum on all amounts paid out by him, or those under whom he claims, and evidenced by certificates of tax sale, deed under tax sale, and tax receipts. Such interest shall be computed from date of each payment up to the time of redemption or final judgment, and shall be added to the principal of the final judgment, which judgment shall bear interest as in other cases."

The amendment prohibits the board of county commissioners from remitting any of the penalties prescribed in the section after action is brought for foreclosure. P. L. 1925, ch. 109. Judgment

Affirmed.