COASTAL LAND AND TIMBER COMPANY v. L. Z. EUBANK AND I. R. EUBANK, AND I. R. EUBANK v. JONES-ONSLOW LAND COMPANY AND COASTAL LAND AND TIMBER COMPANY.

(Filed 13 March, 1929.)

**Trespass to Try Title—Actions—Complaint—Demurrer—Sufficiency of Description of Property—Injunctions.**

A description of land as being a five thousand-acre tract along the line of a certain railroad track, and within a 59,025-acre tract granted by the State to a certain person, is too vague and indefinite to admit of evidence to fit the *locus in quo* to the description, and is an insufficient allegation in the complaint in an action involving its title, and a demurrer to the complaint is properly sustained.

APPEAL by Coastal Land and Timber Company from *Grady, J.,* at Special Term, December, 1928, of ONSLOW. *Case No. 1.* Affirmed.

APPEAL by I. R. Eubank from *Grady, J.,* at Special Term, December, 1928, of ONSLOW. *Case No. 2.* Dismissed.

*Nere E. Day and Cowper, Whitaker & Allen for plaintiff.*

*John D. Warlick and Abernethy & Abernethy for defendants in Case No. 1.*

*John D. Warlick and Abernethy & Abernethy for plaintiff.*

*Nere E. Day and Cowper, Whitaker & Allen for defendants in Case No. 2.*

CLARKSON, J. *Case No. 1.* The Coastal Land and Timber Company against L. Z. Eubank and I. R. Eubank. The only question presented: Is the description contained in the complaint and amendments thereto (except that portion thereof called the 130-acre tract, covered by grant to A. C. Riggs and I. R. Eubank) so uncertain on its face that it is not susceptible of being located, either by parol evidence or any other kind of competent evidence? We think so.

The original complaint reads as follows: "The plaintiff, complaining of the defendants, alleges and says: (1) That plaintiff is a corpora-

tion, chartered in North Carolina. (2) That the plaintiff is the owner in fee of the certain tract of land situated in Onslow County, North Carolina, lying on the east side of the Atlantic Coast Line Railroad track, containing 5,000 acres, more or less, and being a part of Grant No. 739, to David Allison for 59,025 acres, dated 6th day of June, 1795."

The amended complaint reads as follows: "That the plaintiff is the owner in fee and in possession of the certain tract of land situated in Onslow County, North Carolina, lying on the east side of the Atlantic Coast Line Railroad track, containing 5,000 acres, more or less, and being part of a grant to David Allison for 59,025 acres, dated the 6th day of June, 1795, the said tract, including grant to A. C. Riggs and I. R. Eubank for 130 acres, dated 11 March, 1904."

The defendants demurred *ore tenus* on the ground that the description of the land, both in the complaint and amended complaint, was too uncertain, indefinite and insufficient to be aided by parol testimony. We are of the opinion that this contention is correct. This matter has been recently discussed and authorities cited in *Bryson v. McCoy,* 194 N. C., 91, which sustains the contentions of defendants.

*Case No. 2* is an action brought by I. R. Eubank against Jones-Onslow Land Company and Coastal Land and Timber Company, to set aside what purported to be a consent judgment as null and void. The decision in the first action renders the second action academic even if plaintiff alleged a cause of action and has pursued the right remedy. This action is dismissed.

In this Court the cost will be divided between the parties.

The first case is affirmed.

The second case is dismissed.